935 So.2d 1058 (2005)
Frederick Wesley, CHASEZ, Jr., Appellant
v.
Kelly Sue Powell CHASEZ, Appellee.
No. 2004-CA-00679-COA.
Court of Appeals of Mississippi.
December 13, 2005.
Rehearing Denied May 2, 2006.
Certiorari Denied July 20, 2006.
*1059 Briley Richmond, attorney for appellant.
David R. Daniels, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Frederick Chasez was thrice found to be in willful and contumacious civil contempt. Aggrieved by the third finding of contempt by the chancellor, Mr. Chasez asserts the following issues on appeal:
1. That the Court lacked jurisdiction to try the contempt matter because Appellant was not properly served with a Mississippi Rules of Civil Procedure Rule 81 summons notifying him of the date and location of the hearing;

*1060 2. Appellant was found guilty of contempt for a matter which he had previously been found in contempt, and had purged himself of;
3. The award of attorney's fees was unreasonable.
Finding no merit to Mr. Chasez's claims, this Court affirms.

FACTS
¶ 2. On July 11, 1997, Kelly Chasez filed for divorce from Frederick Chasez on the basis of habitual cruel and inhuman treatment. In a temporary order entered August 20, 1997, the chancellor awarded Mrs. Chasez physical custody of the two minor children, and ordered Mr. Chasez to pay $300 a month in child support. After a hearing on April 15 and 16, 1999, the chancellor executed a judgment of divorce on April 22, 1999. In granting the divorce, the chancellor noted that the record was insufficient to make a decision on child custody. He ordered that the temporary legal custody of the children be placed with the Department of Human Services (DHS), and directed that DHS conduct a home study and report back to the court within 120 days. After the DHS report was submitted to the chancellor, he gave Mrs. Chasez physical custody of the children, and ordered that both parents complete a parenting course and forty hours of counseling. The chancellor also found that Mr. Chasez had a $3,600 arrearage for twelve months of unpaid temporary child support, and directed that it be paid within forty-five days.
¶ 3. Mr. Chasez failed to pay any child support, and on June 7, 2000, Mrs. Chasez filed a complaint for contempt. Mrs. Chasez's attorney noticed her complaint for contempt for hearing on June 15, 2000. Mrs. Chasez's attorney mailed a copy of this notice to Mr. Chasez. There is no indication on the case docket that a Rule 81 summons was issued for the contempt hearing. Mr. Chasez, acting pro se, appeared and indicated his willingness to proceed and the court heard the contempt. The chancellor found that Mr. Chasez had absolutely refused to pay any child support for nearly two years, and was therefore in arrears by $7,800. The chancellor held Mr. Chasez in contempt, and ordered him incarcerated, until he purged himself of that contempt. On August 12, 2000, having received the assurance of Mr. Chasez of his intent to comply with the court's orders, the chancellor ordered Mr. Chasez released.
¶ 4. Mrs. Chasez filed a second complaint for contempt on April 15, 2002. A Rule 81 summons was issued in conjunction with this complaint. By order dated April 8, 2003, the court found that Mr. Chasez had made no attempts to pay child support, and was in arrears by $17,400, exclusive of interest. The chancellor found that while Mr. Chasez was not employed, he did have marketable skills, and had no impediments which would prevent his employment. The chancellor found that Mr. Chasez's unemployment was a scheme to avoid child support. As a result, the chancellor found Mr. Chasez in contempt and ordered him incarcerated until he purged himself by either paying the full $17,400, or by paying $5,000 and executing an agreed order to pay $200 a month in additional support until the arrearage was satisfied. On July 22, 2003, Mr. Chasez paid $5,000 of the arrearage and agreed to pay current child support at $300 a month, plus $200 a month towards the arrearage. In that same order, the chancellor set a compliance review for August 29, 2003, in Gulfport. In an order dated December 3, 2003, the court denied Mr. Chasez's motion to hold in abeyance child support, and set a show cause hearing for December 15, 2003, in the chancery courtroom in Gulfport.
*1061 ¶ 5. On February 25, 2004, the court heard Mr. Chasez's motion for reconsideration of his request to hold in abeyance child support, the show cause order, and Mrs. Chasez's motion for attorney fees.
¶ 6. In an order dated March 10, 2004, the chancellor found that Mr. Chasez continued to fail in his obligation to pay current child support and the additional sum agreed upon for delinquent child support, and therefore found that he was in contempt. The court ordered Mr. Chasez incarcerated until he purged himself, suspended the incarceration until the next hearing, and set the next hearing in this case for April 1, 2004, in Hancock County. Aggrieved by that action, Mr. Chasez has appealed.

ISSUES AND ANALYSIS
¶ 7. Since Mr. Chasez's contempt would have been discharged by his doing that which he previously refused to do, his contempt was civil. Common Cause of Mississippi v. Smith, 548 So.2d 412, 415 (Miss. 1989). The chancellor's finding of civil contempt is subject to review under a manifest error standard. Dennis v. Dennis, 824 So.2d 604, 608(¶ 7) (Miss.2002). However, the chancery court's interpretation and application of the law is reviewed under a de novo standard. Isom v. Jernigan, 840 So.2d 104, 106(¶ 6) (Miss.2003).

I. Requirement of Notice in a Contempt Hearing
¶ 8. Mr. Chasez claims that the chancery court lacked jurisdiction to try his contempt matter because no complaint or Rule 81 summons notifying him of the last contempt proceeding was issued. Since Mr. Chasez is only challenging the notice requirements under Rule 81 of the Mississippi Rule of Civil Procedure, not the sufficiency of the contempt itself, we will only discuss that which pertains to notice.
¶ 9. Domestic relations cases, such as this one, remain subject to recurring motions even after all prior contested matters are resolved. Sanghi v. Sanghi, 759 So.2d 1250, 1253 (¶ 13) (Miss.Ct.App. 2000). Although courts do maintain personal jurisdiction over parties in relation to these recurring motions, certain Rule 81 matters, because of their special nature, require special notice. Powell v. Powell, 644 So.2d 269, 274 n. 4 (Miss.1994). Rule 81 applies to matters where the parties seek to modify, or enforce final custody, alimony, or support judgments. Sanghi, 759 So.2d at 1253 (¶ 13). This includes contempt matters. M.R.C.P. 81(d)(2). The only requirement under Rule 81 is that the summons contain a statement notifying a party of the time and place for the hearing, and that no answer is needed. Sanghi, 759 So.2d at 1256 (¶ 28). Sample forms that set out the summons indicate the case name, suit number, name of person being served, an attached copy of the petition and a statement that notifies that failure to appear may result in a judgment with monetary or other consequences be shown on the summons. Id. (citing M.R.C.P. form 1D). While the use of the forms is are not mandatory, the use of them removes sufficiency questions under the Rule. Id.
¶ 10. The "notices" that Mr. Chasez received from the Eighth Chancery Court District Administrator were clearly not Rule 81 summonses. While these "notices" did contain most of the required information, they did not contain a statement that the respondent was not required to respond in writing. The "notices" were also issued by the court administrator as opposed as to the chancery clerk.
¶ 11. The issue Mr. Chasez raises closely resembles that decided in Sanghi. In Sanghi, Dr. Sanghi, the defendant, was issued several motions, including one for *1062 contempt for failure to pay child support, along with a "notice" of appearance by the Eighth Chancery Court District court administrator. Sanghi, 759 So.2d at 1254(¶ 16). Although the "notice" contained much of what is required for a Rule 81 summons, it was not a Rule 81 summons. Id. at 1256 (¶ 28). Like Mr. Chasez's "notice", Dr. Sanghi's "notice" had no statement delineating that Dr. Sanghi was not required to respond in writing. When proceeding in matters enumerated under Rule 81, a proper Rule 81 summons must be served. Powell, 644 So.2d at 274. We reiterate this Court's cautionary note involving the use of a court administrator notice in lieu of a Rule 81 summons:
Rule 81 itself allows a general rule of the court to establish the time and place of hearings, including a rule that authorizes the court clerk to set matters for hearing. M.R.C.P. 81(d)(5). We read that to permit the clerk to set the date and time for hearings without the need for a chancellor's signature on an order. It is not an authorization for the chancellors of a district to bypass the summons requirement by using court administrator notice, even if there were a local rule adopted providing for that.
Sanghi, 759 So.2d at 1256 (¶ 29).
¶ 12. Though we still hold that such "notices" are improper and do not satisfy the Rule 81 summons requirement, this case turns on Mr. Chasez's failure to contest the improper service during his appearance before the court. "Complete absence of service of process offends due process and cannot be waived." Isom, 840 So.2d 107 at (¶ 10). However, the right to contest the court's jurisdiction based upon a claimed problem with service may be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity. Schustz v. Buccaneer, Inc., 850 So.2d 209, 213 (¶ 15) (Miss.Ct.App.2003).
¶ 13. Although Mr. Chasez was pro se during the hearing in question, the chancellor afforded him more than thirty days to obtain counsel before the final contempt hearing. A person electing to represent himself in a civil proceeding is bound by the same rules of practice and procedure as an attorney. Bullard v. Morris, 547 So.2d 789, 790 (Miss.1989). Mr. Chasez, claiming to not have been able to obtain a lawyer, began to defend himself before the court, and even brought his own motion, before ever objecting to the jurisdictional question. We are not required to address issues not objected to at trial and preserved for appeal. Dennis, 824 So.2d at 611 (¶ 18). Because Mr. Chasez failed to raise the issue of improper notice at the show cause hearing, we find that it is waived.
¶ 14. There appears to be a number of relevant documents, such as orders, which were not made a part of the appellate record. The pattern of documents in this case suggests the chancellor held a series of status reviews, or hearings, and at each one set the date, time, place and purpose of the next hearing. If that is what the complete record would show, then it would appear that Mr. Chasez received proper notification despite the inadequate court administrator "notices." When a matter is not heard on the day set for hearing, it may, by order signed on that day, be continued to a later day for hearing without additional summons. M.R.C.P. 81(d)(5).
¶ 15. Additionally, it appears that this matter was set for a time when Mr. Chasez voluntarily submitted himself to the court asking the chancellor to reconsider his refusal to hold in abeyance child support payments. We find that it would be somewhat incongruous to have the chancellor consider that issue without simultaneously *1063 considering the extent to which Mr. Chasez had honored his obligation to pay child support.

II. Res Judicata
¶ 16. Mr. Chasez claims that this contempt judgment was in error because the action on which the contempt was based had been previously litigated, and judgment rendered on April 10, 2003. This argument is without merit. On April 10, 2003, Mr. Chasez was held in contempt for failure to pay child support pursuant to the divorce decree, and ordered to be incarcerated. He was allowed to purge himself of this contempt by either paying the entire $17,400 arrearage, or paying $5,000 and agreeing to pay $200 a month towards arrearage, plus the regular monthly child support. On July 22, 2003, Mr. Chasez paid $5,000 and agreed to comply with all previous orders of the court. He was then released from incarceration. Since paying the $5,000, Mr. Chasez has refused to pay regular monthly child support and the agreed payment to cover the arrearage. It is from his refusal to abide by the July 22, 2003 order that Mr. Chasez was found in contempt on February 25, 2004. Since the July 22 agreed order has not been previously litigated, res judicata does not apply here.

III. Attorney's Fees
¶ 17. Finally, Mr. Chasez claims that the trial judge's award of attorney's fees was unreasonable because the amount awarded was for representation over a period of four years. The award of attorney's fees is largely within the discretion of the trial court. Robertson v. Robertson, 812 So.2d 998, 1005(¶ 22) (Miss.Ct. App.2001). In a civil contempt matter, a chancellor has the ability to make the prevailing party whole and reinforce compliance with judicial orders by awarding attorney's fees. Hinds County Bd. of Sup'rs v. Common Cause of Mississippi, 551 So.2d 107, 125 (Miss.1989).
¶ 18. Mr. Chasez's wilful and contumacious conduct was continuing over that four year period. The attorney's fees that the chancellor ordered Mr. Chasez to pay are those that have accrued due to his continuing refusal to pay child support. Where attorney's fees arise out of one party's intentional misconduct causing the opposing party to needlessly expend money and time, it is appropriate to award fees to the wronged party. Mabus v. Mabus, 910 So.2d 486, 489(¶ 8) (Miss.2005), (quoting State v. Blenden, 748 So.2d 77, 87 (¶ 33) (Miss.1999)). Mrs. Chasez's retention of counsel comes solely from Mr. Chasez's willful and contumacious behavior. Because his was continuing conduct, a limited award of attorney's fees would not have made Mrs. Chasez whole. The chancellor was not in error for awarding Mrs. Chasez attorney's fees.
¶ 19. Finding no error in the chancellor's decision, we affirm.
¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J. DISSENTS WITHOUT WRITTEN OPINION.