957 So.2d 1031 (2007)
Frederick Wesley CHASEZ, Jr., Appellant
v.
Kelly Sue Powell CHASEZ, Appellee.
Nos. 2004-CP-01956-COA, 2003-CA-01828.
Court of Appeals of Mississippi.
February 13, 2007.
Rehearing Denied June 5, 2007.
*1033 Frederick Wesley Chasez, Jr., appellant, pro se.
David R. Daniels, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Frederick Wesley Chasez, Jr. appeals a judgment finding him in contempt for failure to pay child support. We find no error and affirm.

FACTS
¶ 2. In Chasez v. Chasez, 935 So.2d 1058, 1059(¶ 1) (Miss.Ct.App.2005), Mr. Chasez appealed the third order that found him in contempt. In our earlier opinion, we described the facts as follows:
On July 11, 1997, Kelly Chasez filed for divorce from Frederick Chasez on the basis of habitual cruel and inhuman treatment. In a temporary order entered August 20, 1997, the chancellor awarded Mrs. Chasez physical custody of the two minor children, and ordered Mr. Chasez to pay $300 a month in child support. After a hearing on April 15 and 16, 1999, the chancellor executed a judgment of divorce on April 22, 1999. In granting the divorce, the chancellor noted that the record was insufficient to make a decision on child custody. He ordered that the temporary legal custody of the children be placed with the Department of Human Services (DHS), and directed that DHS conduct a home study and report back to the court within 120 days. After the DHS report was submitted to the chancellor, he gave Mrs. Chasez physical custody of the children, and ordered that both parents complete a parenting course and forty hours of counseling. The chancellor also found that Mr. Chasez had a $3,600 arrearage for twelve months of unpaid temporary child support, and directed that it be paid within forty-five days.
Mr. Chasez failed to pay any child support, and on June 7, 2000, Mrs. Chasez filed a complaint for contempt. Mrs. Chasez's attorney noticed her complaint for contempt for hearing on June 15, 2000. Mrs. Chasez's attorney mailed a copy of this notice to Mr. Chasez. There is no indication on the case docket that a Rule 81 summons was issued for the contempt hearing. Mr. Chasez, acting pro se, appeared and indicated his willingness to proceed and the court heard the contempt. The chancellor found that Mr. Chasez had absolutely *1034 refused to pay any child support for nearly two years, and was therefore in arrears by $7,800. The chancellor held Mr. Chasez in contempt, and ordered him incarcerated, until he purged himself of that contempt. On August 12, 2000, having received the assurance of Mr. Chasez of his intent to comply with the court's orders, the chancellor ordered Mr. Chasez released.
Mrs. Chasez filed a second complaint for contempt on April 15, 2002. A Rule 81 summons was issued in conjunction with this complaint. By order dated April 8, 2003, the court found that Mr. Chasez had made no attempts to pay child support, and was in arrears by $17,400, exclusive of interest. The chancellor found that while Mr. Chasez was not employed, he did have marketable skills, and had no impediments which would prevent his employment. The chancellor found that Mr. Chasez's unemployment was a scheme to avoid child support. As a result, the chancellor found Mr. Chasez in contempt and ordered him incarcerated until he purged himself by either paying the full $17,400, or by paying $5,000 and executing an agreed order to pay $200 a month in additional support until the arrearage was satisfied. On July 22, 2003, Mr. Chasez paid $5,000 of the arrearage and agreed to pay current child support at $300 a month, plus $200 a month towards the arrearage. In that same order, the chancellor set a compliance review for August 29, 2003, in Gulfport. In an order dated December 3, 2003, the court denied Mr. Chasez's motion to hold in abeyance child support, and set a show cause hearing for December 15, 2003, in the chancery courtroom in Gulfport.
On February 25, 2004, the court heard Mr. Chasez's motion for reconsideration of his request to hold in abeyance child support, the show cause order, and Mrs. Chasez's motion for attorney fees.
In an order dated March 10, 2004, the chancellor found that Mr. Chasez continued to fail in his obligation to pay current child support and the additional sum agreed upon for delinquent child support, and therefore found that he was in contempt. The court ordered Mr. Chasez incarcerated until he purged himself, suspended the incarceration until the next hearing, and set the next hearing in this case for April 1, 2004, in Hancock County. Aggrieved by that action, Mr. Chasez has appealed.
Id. at 1060-61 (¶¶ 2-6). This Court affirmed the chancellor. Id. at 1063(¶ 20).
¶ 3. On April 4, 2004, Mrs. Chasez filed another complaint for contempt, stating that Mr. Chasez had failed to pay child support for the months of March and April of 2004. A contempt hearing was held on August 11, 2004. In a judgment dated September 24, 2004, nunc pro tunc August 11, 2004, the chancellor found Mr. Chasez in contempt for failure to pay child support for the months of March, April, May, June, July, and August all of 2004. Mr. Chasez was ordered to be incarcerated until he paid a purge amount of $1,800, the arrearage accumulated. Mr. Chasez now appeals this latest judgment.

STANDARD OF REVIEW
¶ 4. Previously, this Court stated that the following standard of review applied:
Since Mr. Chasez's contempt would have been discharged by his doing that which he previously refused to do, his contempt was civil. Common Cause of Mississippi v. Smith, 548 So.2d 412, 415 (Miss.1989). The chancellor's finding of civil contempt is subject to review under a manifest error standard. Dennis v. Dennis, 824 So.2d 604, 608(¶ 7) (Miss. 2002). However, the chancery court's *1035 interpretation and application of the law is reviewed under a de novo standard. Isom v. Jernigan, 840 So.2d 104, 106(¶ 6) (Miss.2003).
Chasez, 935 So.2d at 1061(¶ 7).
¶ 5. Here, we recognize that Mr. Chasez brings this action pro se, but "even when a litigant is pro se, a court is to apply the same procedural and evidentiary requirements upon him." Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987). Pro se litigants are offered some leeway,[1] though and "this Court will review the record for any `self-evident' errors that need not be supported by citations." Goodin v. Dep't of Human Servs., 772 So.2d 1051, 1054(¶ 7) (Miss.2000).

ISSUES
¶ 6. Mr. Chasez assigns five errors by the chancellor, which we quote verbatim:
1. The Appellant/Defendant is not in contempt. He had no outstanding child support obligations.
2. False imprisonment for the purpose of:
A. Extorting money from Appellant/Defendant's family which Appellant does not have or owe.
B. Denying Appellant his due process rights to an appeal in an effort to force Appellant to agree to the dictates of a void judgment.
3. The referenced order dated April 22, 1999, filed April 28, 1999 is a void judgment in that:
A. There was not proper notice, which disallowed Appellant the right to have witnesses.
B. There was no financial information provided to Appellant as required by Chancery Court Civil Procedure 8.05.
C. The amount of child support ordered is not within the statutory guidelines of the State of Mississippi.
D. The factual findings of the Chancellor is not supported by the record.
E. Appellee did not meet evidential statutory requirements to receive a divorce under the habitual cruel and inhuman statutes.
F. There was no equitable division of marital property.
G. There was a partial adjudication of the issues of the divorce. It was not a final order of all the issues.
H. Appellant's parental rights were taken away without a hearing or clear convincing evidence of any misconduct. There was no guardian ad litum appointed to protect Appellant's children's rights or the integrity of the Appellant's family.
I. The chancellor infused his own religious beliefs to question Mississippi law and skirt the Albright factors.
4. The Appellee has petitioned a Mississippi court of equity for a judgment of relief when she has grossly unclean hands.
A. She gave false testimony on all the material issues before the divorce, during the divorce hearing and after the divorce hearing.
B. She disposed of marital property held in her name.

*1036 C. She aided and abetted the transfer of marital property held in trust in her mother's name.
5. The entire divorce, custody and contempt charges was an abuse of process, along with the misrepresentation of Frederick's attorney's shows a conspiracy to deny Frederick a fair trial, his right to appeal, his right to his children, his right to his personal property, to cover up the theft of his property.
Mr. Chasez's brief does not follow the issues as he has stated. Our analysis will address the issues we have concluded to be in contention in this appeal.

ANALYSIS
I. There was no contempt because no child support payments were outstanding.
¶ 7. Mr. Chasez claims that he did not owe Mrs. Chasez any child support payments. Hence, he was not in default on his payments. We begin our review of this issue by noting a legal principle from Hoops v. State, 681 So.2d 521, 526 (Miss. 1996):
Hoops [the appellant] cites no legal authority to support this argument. This Court has held that it is the duty of an appellant to provide authority and support of an assignment. Kelly v. State, 553 So.2d 517, 521 (Miss.1989); Brown v. State, 534 So.2d 1019, 1023 (Miss. 1988); Harris v. State, 386 So.2d 393 (Miss.1980). If a party does not provide this support this Court is under no duty to consider assignments of error when no authority is cited. Hewlett v. State, 607 So.2d 1097, 1106 (Miss.1992); Kelly, 553 So.2d at 521; Brown, 534 So.2d at 1023.
On this issue, Mr. Chasez has cited no legal authority. Although we have no duty to consider this assignment of error, we have considered this issue and find it to be without merit.
¶ 8. Mr. Chasez argues that, from May 1, 1999, through April 2, 2004, he owed a total of $21,600 in child support. He claims the following payments: a supersedeas bond of $15,600 that was posted when he appealed the March 11, 2004 judgment; his father paid $5,000 and $100 to have him released from jail; and the Department of Human Services "intercepted" his 1998 tax refund, for a total of $21,066. The record verifies those amounts.
¶ 9. Mr. Chasez also claims a "credit" of $2,400 for serving eight months in jail. We have reviewed the record and the documents cited by Mr. Chasez. However, we are not able to find an order that credits Mr. Chasez $2,400 for his incarceration. Indeed, the order indicates that Mr. Chasez was released conditioned on his promise to comply by paying his child support.
¶ 10. Here, Mr. Chasez appealed the judgment of contempt, not the original order establishing child support payments at $300 a month. Therefore, the bond entitled him to a stay of execution for the amount adjudicated in the March 11, 2004 judgment, which was for non-payment of child support through February 15, 2004. As of March 15, 2004, the next child support payment of $300 was due and likewise each month thereafter. Further, the chancellor explained to Mr. Chasez on the record that the stay only applied to the arrearage during the hearing on April 1, 2004.
¶ 11. The chancellor was correct to determine that Mr. Chasez owed child support payments for the months of March, April, May, June, July, and August of 2004, regardless of the stay of execution on the previous contempt judgment. Therefore, *1037 we find that this issue is without merit.
II. False imprisonment.
III. The divorce order upon which the contempt is based is void
¶ 12. Although listed separately, Mr. Chasez essentially argues that he is entitled to relief from the contempt order because the underlying judgment of divorce was void.
¶ 13. We begin with an analysis of whether the chancellor's finding of contempt was invalid because the divorce order, which established the child support payments, was void. For this proposition, Mr. Chasez correctly cites to Gadson v. Gadson, 434 So.2d 1345 (Miss.1983). Gadson holds that if the underlying decree is void, then the party found in contempt, should be released of his or her obligation to pay. Id. at 1347 (quoting Cox v. Cox, 279 So.2d 615 (Miss.1973)). Mr. Chasez asks that this Court grant him relief from the seven-year-old divorce judgment.
¶ 14. Mr. Chasez argues that the divorce judgment is void for a number of reasons. However, because of the time lapse between the entry of the judgment and his request for relief, many of the issues that he has argued are precluded from our review. Indeed, most of the issues should have been brought on direct appeal of the divorce judgment, not seven years later. Hence, we decline to consider his allegations that the judgment was void due to: failure to provide financial information, an order of child support not within the statutory guidelines, factual findings not supported by the record, failure to meet evidentiary requirements for a divorce due to habitual cruel and inhumane treatment, inequitable division of marital property, partial adjudication of the issues, improper removal of parental rights, failure to appoint a guardian ad litem, and improper analysis by the chancellor. By failing to appeal the divorce judgment, Mr. Chasez waived the opportunity to fully litigate these issues, and he should not be allowed to re-litigate them. Askew v. Askew, 699 So.2d 515, 520(¶ 22) (Miss.1997).
¶ 15. Mr. Chasez alleges one issue that could be considered since it could rise to a jurisdictional level, i.e., the judgment is void due to lack of notice. He argues that the hearing, held April 15-16, 1999, was not noticed to the parties. The chancellor considered this issue. The chancellor noted that he did not see any trial notices in the court file but that all parties appeared for the hearing. At the hearing in April of 1999, the chancellor asked if there were any issues that needed discussion before testimony was presented, and several matters were discussed. However, lack of notice was not one of the matters brought to the chancellor's attention and discussed. Indeed, Mr. Chasez made no objection to lack of notice. Any objections to service of process may be waived if a defendant appears in an action without raising the objection in the initial pleadings or attached motions. Isom, 840 So.2d at 107(¶ 9). Mr. and Mrs. Chasez appeared at the hearing on April 15, 1999, and neither complained of a lack of notice. We conclude that Mr. Chasez waived any objection for lack of notice and find no merit to this issue.
IV. Mrs. Chasez lacked clean hands.
¶ 16. Mr. Chasez argues that Mrs. Chasez should be denied any relief, because she comes before the chancery court with unclean hands. Mr. Chasez failed to raise this in the contempt proceeding which he has currently appealed. He did raise this issue during the hearing on February 25, 2004, which judgment was appealed and subsequently affirmed by *1038 this Court. Chasez, 935 So.2d at 1063(¶ 20). Mrs. Chasez correctly points out that "the appellate court is not required to address issues that are not objected to at trial and preserved for appeal." Dennis v. Dennis, 824 So.2d 604, 611(¶ 18) (Miss.2002). Therefore, we find this issue lacks merit.
V. The process was a conspiracy to hide crimes against Mr. Chasez and deprive him of his rights.
¶ 17. Mr. Chasez argues that there was a conspiracy against him to deprive him of his rights by creating and then maintaining the void divorce judgment. The conspirators allegedly included Mrs. Chasez, her counsel, his counsel (of which there were several), the chancellor, and the DHS case worker. As discussed in the previous section, Mr. Chasez failed to raise this claim before the chancellor, and we decline to address it for the first time on appeal. Id.
VI. Inability to pay
¶ 18. Although not specifically addressed in the statement of the issues or the brief, Mr. Chasez alludes to his inability to pay as a defense to the contempt. A valid defense to the charge of contempt is to establish that the defendant did not have the ability to pay the amount charged. Varner v. Varner, 666 So.2d 493, 496 (Miss.1995) (citing Gebetsberger v. East, 627 So.2d 823, 826 (Miss.1993)). Once contempt is established, the burden is on the defendant to show his inability to pay with particularity, not just in general terms. Varner, 666 So.2d at 496 (citing Morreale v. Morreale, 646 So.2d 1264, 1267 (Miss.1994)).
¶ 19. The chancellor here noted that Mr. Chasez offered no justifiable reason for his failure to comply. Further, Mr. Chasez put on no evidence to establish his inability to pay, much less a showing with any particularity as required. Varner, 666 So.2d at 496. Therefore, we find this issue to be without merit.
VII. Mr. Chasez's counsel was ineffective
¶ 20. Another issue that was not specifically identified in the statement of issues but was discussed in the brief was that Mr. Chasez claims ineffective assistance of counsel by his numerous counsel over the course of the proceedings. Hence, Mr. Chasez argues that he was denied his right to counsel. We decline to address this issue because he has failed to cite legal authority to support the argument. Hoops, 681 So.2d at 526. Despite this procedural bar, the claim has no merit.
¶ 21. Clearly, there is no right to counsel in a civil proceeding. Goodin, 772 So.2d at 1055(¶ 12). Nevertheless, Mr. Chasez had counsel at the contempt hearing. In essence, he seems to claim that he had a constitutional right to effective counsel. We have found no case law that would require counsel in a civil contempt to meet the familiar standard for ineffective assistance of counsel, i.e., whether counsel's performance was deficient and that this deficiency prejudiced his defense, in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Regardless, assuming such standard is applicable, "allegations of ineffectiveness must be made with specificity." Jones v. State, 922 So.2d 31, 35(¶ 14) (Miss.Ct.App. 2006) (citing Garner v. State, 864 So.2d 1005, 1008(¶ 13) (Miss.Ct.App.2003)). Mr. Chasez does not even argue that his counsel was ineffective in the contempt proceeding. He does make a number of allegations towards the various counsel he used throughout the course of this litigation. None of the "ineffective assistance of *1039 counsel" occurred during his contempt proceeding. Therefore, we find this issue to lack merit.

CONCLUSION
¶ 22. Finding no error, we affirm the chancellor's judgment finding Mr. Chasez in contempt for failure to pay child support.
¶ 23. THE JUDGMENT OF THE CHANCERY COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] For instance, Mr. Chasez provided the Court with a brief of ninety-nine pages. Rule 28(g) of the Mississippi Rules of Appellate Procedure limits the appellant's principal brief to fifty pages.