GRIFFIS, P.J.,
for the Court:
¶ 1. Dennis L. Pearson (“Pearson”) appeals from a judgment of the Chancery Court of Jackson County that held him in willful contempt. The chancellor also granted his ex-wife, Patricia S. Pearson Browning (“Browning”) a judgment in the amount of $53,528.22. On appeal, Pearson argues that the chancery court did not have jurisdiction, pursuant to Mississippi Rule of Civil Procedure 81, when it entered the judgment. We agree. Accordingly, we reverse and render the chancellor’s judgment without prejudice.
FACTS
¶ 2. Pearson filed a petition for custody of one of the parties’ children,[1] a reduction in child support, and contempt. He based the contempt allegation on Browning’s failure to list both of the children’s savings bonds as required by the Final Judgment of Divorce. Browning’s counterclaim and “motion,” the only claims tried on November 3, 2010, were for contempt. She argued that Pearson had not paid part of his retirement that the original divorce decree had ordered him to pay to her.
¶ 3. On February 2, 2009, the chancery court dismissed all of Pearson’s claims with prejudice. Pearson was not present.
¶ 4. The court set a new date of August 6, 2009, to hear Browning’s claims. There is no order on or before August 6, 2009, that set the trial date from August 6, 2009 to November 3, 2010. There is a court administrator’s notice, dated June 11, 2010, that set the trial date for November 3, 2010.
¶ 5. On November 1, 2010, Pearson received a letter, dated October 15, 2010, from Browning with the date of trial listed as November 3, 2010. Pearson filed a letter with the court that complained of the short notice. On November 3rd, Pearson appeared before the chancery court pro se and inartfully contested his inability to prepare a defense and bring witnesses on such short notice. Pearson moved for a continuance. The chancery court denied the motion and proceeded with the trial. On November 18, 2010, the chancery court entered an order for Pearson to pay $53,528.22 to Browning.
ANALYSIS
¶ 6. This Court uses a de novo standard when reviewing questions concerning jurisdiction. Sanghi v. Sanghi, 759 So.2d 1250, 1252 (¶ 7) (Miss.Ct.App.2000). “This Court is in the same position as the trial court, with all the facts set out in the pleadings or exhibits.” Id. (citing Sorrells v. R. & R. Custom Coach Works, Inc., 636 So.2d 668, 670 (Miss.1994)).
¶ 7. In this case, jurisdiction is governed by Mississippi Rule of Civil Procedure 81(d)(2), because it includes the “modifica *848 tion or enforcement of custody, support, and alimony judgments” and “contempt.”
¶ 8. A Rule 81 summons is necessary to begin dormant domestic actions listed in Rule 81(d). A Rule 81 summons is not a Rule 4 summons. See M.R.C.P. 4. A Rule 81 summons gives notice to the defendant of the date, time, and place to appear. It does not require a response. A Rule 4 summons requires a written response in thirty days. A Rule 4 summons and a Rule 5 notice have no effect with Rule 81 matters. Sanghi, 759 So.2d at 1258 (¶¶ 11, 14) (citing Leaf River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 194 (Miss.1995); Powell v. Powell, 644 So.2d 269, 278-74 (Miss.1994)); see M.R.C.P. 5.
¶ 9. In a matter that requires a Rule 81 summons and does not use a Rule 81 summons, the resulting judgment is void because it is made without jurisdiction over the parties. See Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss.1986); Duvall v. Duvall, 224 Miss. 546, 555, 80 So.2d 752, 755 (1955); Roberts v. Roberts, 866 So.2d 474, 476-77 (¶¶7-8) (Miss.Ct.App.2003). If an action under Rule 81(d)(1) or (2) “is not heard on the day set for hearing, it may by order signed on that day be continued to a later day for hearing without additional summons on the defendant or respondent.” M.R.C.P. 81(d)(5). For no additional Rule 81 summons to be required, the order that continues the trial date must be signed on or before the original trial date.
¶ 10. In this appeal, Pearson argues that Browning failed to comply with Rule 81(d)(5). Specifically, Pearson argues that jurisdiction lapsed because a court administrator’s notice changed the trial date of January 22, 2008 to January 23, 2008; an order dated October 24, 2008 changed the trial date of September 18, 2008 to February 2, 2009; a court administrator’s notice dated June 11, 2010 changed the trial date of August 6, 2009 to November 3, 2010; and Pearson received a letter on November 1, 2010 about the November 3, 2010 trial.
¶ 11. Our review is limited to events that occurred after February 2, 2009. Because Pearson was the plaintiff prior to February 2, 2009, he cannot properly raise a jurisdictional issue before that date. By the fact that a plaintiff brought his claim, he consents to personal jurisdiction in that court. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775, 779, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).
¶ 12. Rule 81(d)(5) governs the need for additional summons on the defendant. Before February 2, 2009, Pearson simply was not entitled to a Rule 81 summons because he was the plaintiff.
¶ 13. On February 2, 2009, the chancery court dismissed all of Pearson’s claims with prejudice. The only claims left before the court were Browning’s contempt claims against Pearson. Hence, after February 2, 2009, Pearson was no longer the plaintiff.
¶ 14. Whether an additional Rule 81 summons was required and, thus, whether the chancery court had jurisdiction over Pearson on November 3, 2010, depends on: (1) whether Browning’s “motion” was actually a petition for contempt; (2) whether the court administrator’s notice was sufficient to substitute for the lack of a Rule 81 summons; (3) whether Pearson’s case is similar to Bailey v. Fischer, 946 So.2d 404 (Miss.Ct.App.2006); and (4) whether Pearson made an appearance, thereby waiving the lack of a Rule 81 summons. We conclude with whether the judgment entered in November 2010 was void.

1. Whether Browning’s “motion” was actually a petition for contempt.

¶ 15. Browning filed a motion for a retirement-benefits order on July 30, *849 2008. Browning argues the document was a motion and service of it was governed by Rule 5 of the Mississippi Rules of Civil Procedure. As defined by Black’s Law Dictionary 860 (9th ed.2009), civil contempt is the “failure to obey a court order that was issued for another party’s benefit.” In the original divorce proceeding, Pearson had been ordered to pay Browning a portion of his retirement benefits. It is that original order which Browning sought to enforce through her “motion.” Browning’s “motion” is actually a petition for contempt. Rule 81(d)(6) only authorizes Rule 5(b) notice for temporary hearings. The matters here are not temporary hearings.
¶16. The parties in Carter v. Carter, 735 So.2d 1109, 1112 (¶ 6) (Miss.Ct.App.1999), “persist[ed] in calling their pleadings ‘motions,’ [though] the comment [to Rule 81(d) ] specifically states that ‘[i]nitiating Rule 81(d) actions by ‘motion’ is not intended.’ ” “[I]t is envisioned that these recurring disputes[,] including contempt and custody modification proceedings, will be brought to the court’s attention ‘by complaint or petition only.’ ” Id. (citing M.R.C.P. 81 cmt.). Rule 81(d)(8) “provides instruction for initiating contempt actions.” Barfield v. State, 749 So.2d 331, 333 n. 1 (Miss.Ct.App.1999) (addressing a motion for contempt as a petition). “[F]iling a ‘motion’ is not proper procedure.... ” Glass v. Glass, 857 So.2d 786, 792 (¶ 22) (Miss.Ct.App.2003) (Bridges, J., concurring); see also Magee v. Magee, 754 So.2d 1275, 1281 (¶15) (Miss.Ct.App.1999). Parties should begin “proceeding^] with a properly served complaint or petition.” Glass, 857 So.2d at 792 (¶ 22).
¶ 17. Calling a “petition for contempt” a “motion” and using motion procedures with contempt actions is incorrect according to Rule 81. Harris v. Harris, 879 So.2d 457, 458 n. 1 (Miss.Ct.App.2004). We recognized in Sanghi that the petitions there were denominated and noticed procedurally as “motions.” No summons was included with those “motions,” just as in the instant case. See Sanghi, 759 So.2d at 1253 (¶ 10). A petition, not a motion, is to be filed where a party is seeking contempt. Id. at 1255 (¶ 26).
¶ 18. Motions may be served by first-class mail. M.R.C.P. 5(b). The procedural mechanisms that apply to motions do not apply to contempt matters. Sanghi, 759 So.2d at 1256 (¶ 30). This has been the case since 1986 when Rule 81 was amended to that effect. Accordingly, service by mail of only Browning’s “motion,” without a Rule 81 summons, was not appropriate.

2. Whether the court administrator’s notice was sufficient to substitute for the lack of a Rule 81 summons.

¶ 19. Pearson was entitled to the rights of a defendant after February 2, 2009. In February 2009, the chancery court set a new trial date of August 6, 2009, to hear Browning’s claims against Pearson. On August 6, 2009, there was no court order or clerk’s setting, as required by Rule 81(d)(5) if no additional Rule 81 summons was issued on or before the original trial date, that changed the trial date from August 6, 2009 to November 3, 2010.
¶ 20. Also, on or before August 6, 2009, there was no court administrator’s notice that changed the trial date. The court administrator did not send notice of the trial-date change from August 6, 2009 to November 3, 2010, until ten months after August 6, 2009.
¶ 21. The court administrator’s notice of the change from August 6, 2009 to November 3, 2010, was not a Rule 81(d) summons. It did provide some of the relevant information. But, Rule 81 requires *850 that a party be told the time and place to appear and that no answer is required. See M.R.C.P. 81(d)(4)-(5). The administrator’s notice did not provide all of this information.
¶ 22. The chancery court here used a court administrator’s notice in lieu of a Rule 81(d) summons. Rule 81 does allow the court clerk to set matters for a hearing. M.R.C.P 81(d)(5). We have previously “read that [rule] to permit the clerk to set the date and time for hearings without the need for a chancellor’s signature on an order.” Sanghi, 759 So.2d at 1256 (¶ 29) (emphasis added). However, that part of the rule “is not an authorization for the chancellors of a district to bypass the summons requirement by using [a] court administrator’s] notice, even if there were a local rule adopted providing for that.” Id. “[A]n order entered on that day [originally set] may continue the cause to a later date without a new summons being issued.” Sanghi 759 So.2d at 1257 (¶ 82); see also M.R.C.P. 81(d)(5).
¶ 23. A Rule 81 summons must be issued if a set trial date is not continued on or before that trial date. Therefore, the court administrator’s notice in June 2010, resetting the August 6, 2009 trial date to November 3, 2010, was not sufficient to constitute proper process and service of Pearson under Rule 81.
3. Whether Pearson’s case is similar to Bailey v. Fischer.
¶ 24. Browning argues that the instant case is similar to Bailey v. Fischer. There, the defendant’s attorney had requested a continuance from the plaintiffs attorney. Bailey, 946 So.2d at 406 (¶ 3). The plaintiff agreed to the schedule change. Id. The court administrator issued notice of the new hearing date, August 6, 2002. Both attorneys appeared on that date. Id. The chancellor postponed the matter. Id. Both attorneys went to the court administrator, who then issued a new notice for August 12, 2002. Id. At the hearing on August 12, 2002, the defendant was held in contempt. Id. The defendant argued that there was no jurisdiction because no new Rule 81 summons was issued. Id. at (¶ 7).
¶ 25. The essence of the Bailey decision is that a party cannot ask for the scheduling change, agree to it, and then, using the scheduling change that he requested, offensively argue improper notice. Id. We found “the postponements of th[e] hearing were at the initiation and agreement of [the defendant’s] own counsel....” Id. at 409 (¶ 16). The defendant had an “unimpaired opportunity for an aggressive defense.” Id. Thus, in Bailey, the defendant waived “any defects in the issuance of the notice by the court administrator.” Id.
¶ 26. Here, there were no mutual agreements between parties about the dates. Pearson had been proceeding pro se since May 2008. Pearson made no requests to change the August 6, 2009 trial date. The two days’ actual notice did not afford Pearson an “unimpaired opportunity for an aggressive defense.” Id.
¶ 27. Four years after Bailey, this Court still instructed that “in Rule 81 matters, a Rule 81 summons must be issued; otherwise, service is defective.” Clark v. Clark, 43 So.3d 496, 499 (¶ 12) (Miss.Ct. App.2010). “Actual notice does not cure defective process.” Id. In Pearson’s case, a Rule 81 summons was not issued when it should have been. Pearson’s case is not similar to Bailey.

i. Whether Pearson made an appearance, thereby waiving lack of a Rule 81 summons.

¶ 28. At this stage of the analysis, we have concluded that Browning’s “mo *851 tion” was a petition for contempt; an additional Rule 81 summons should have been issued in June 2010 instead of a court administrator’s notice; and Pearson’s case is unlike Bailey. The only avenue where the chancery court still would have jurisdiction over Pearson on November 3, 2010, is if Pearson waived the lack of a Rule 81 summons by appearing.
¶ 29. “The most expansive definition of ‘appearance’ ” is “when ‘the non-movant has manifested to the movant a clear intent to defend the suit.’ ” Sanghi, 759 So.2d at 1257 (¶ 34). The defendant has to have “done something to waive his right to insist upon proper service.” Id. at 1258 (¶ 36).
¶ 30. In Chasez v. Chasez, 957 So.2d 1031, 1037 (¶ 15) (Miss.Ct.App.2007), we held the defendant had waived his objection to service of process. The plaintiff filed a petition for contempt and mailed notice without a Rule 81 summons. Cha-sez, 957 So.2d at 1033-34 (¶ 2). The defendant, “acting pro se, appeared and indicated his willingness to proceed.” Id. at 1033 (¶2). However, Pearson never indicated willingness to proceed, but contested notice and asked for a continuance. Pearson demonstrated that because of the two days’ notice, he did not have time to get counsel, make arrangements for witnesses to appear, and bring documents. In Cha-sez, the defendant appeared and made no objection to a lack of notice, unlike Pearson who continually objected.
¶ 31. In Dennis v. Dennis, 824 So.2d 604, 611 (¶ 18) (Miss.2002), the defendant “announced ready at the beginning of the hearing, defended the allegations against him[,] and even subpoenaed witnesses to rebut the allegations.” This was a waiver of any procedural defects in process or service. The court in Isom v. Jemigan, 840 So.2d 104, 107 (¶ 10) (Miss.2003), held that the defendant waived the issue of the Rule 81 summons never having been served because she “obviously was prepared to defend herself and did so as her attorney presented evidence on her behalf to the court.” Unlike the defendants in Isom and Dennis, it is evident from the record that Pearson was not prepared to defend himself due to the lack of notice.
¶ 32. “With regard to a contempt proceeding, ‘[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.’ ” Vincent v. Griffin, 872 So.2d 676, 678 (¶ 6) (Miss.2004) (quoting Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). The record shows Pearson was not given a meaningful opportunity to present evidence on his behalf.
¶ 33. Even though Pearson appeared on November 3, 2010, he protested his lack of notice, regardless of how inartful, such that his appearance cannot be labeled a waiver of insufficient notice. At trial, Pearson stated, “I have no idea what is being brought against me at this time. The only information that I got was from the court website.... ” Pearson also testified that had “Mr. Ransom [ (Browning’s attorney) ] done his job in notifying me ... of what was going on, I would have been present today with legal counsel.”
¶ 34. When asked by the court if he had any documents, Pearson answered, “I have many, sir. But none with me today. I thought I was the plaintiff!,] not the defendant.” When asked if he had witnesses to call, he said, “I had no one prepared to appear,” presumably because of the two days’ notice. He said he would have called his children as witnesses.
¶ 35. The chancery court denied his motion for a continuance, saying Pearson was notified in June 2010, and it did not have the authority to set aside a prior *852 judge’s order. However, it was not a prior judge’s order that set the trial date. It was a court administrator’s notice.
¶ 36. Even if it is acceptable for someone other than a chancellor or a clerk to reset the trial date under less than strict compliance with Rule 81, the rescheduling must be done on or before the date originally set for the trial. Here, the original date was August 6, 2009. The court administrator’s notice was issued in June 2010 after the August 6, 2009 original trial date.
¶ 37. Regardless of whether strict compliance with Rule 81 is no longer required under Bailey, the rule nonetheless requires compliance. The notice to Pearson by letter without an additional Rule 81 summons was not acceptable compliance with Rule 81(d)(5). Pearson did not waive this issue by appearing and contesting jurisdiction for lack of sufficient notice under Rule 81.
¶ 38. Therefore, for all of the above reasons, the chancery court lost jurisdiction over Pearson when Pearson was not given sufficient notice under Rule 81.

5. Whether the judgment entered in November 2010 was void.

¶ 39. The chancery court lost jurisdiction over Pearson when no additional Rule 81 summons was issued. Without proper service of process or without an appearance that operates as a waiver, the chancery court did not have jurisdiction over Pearson. See Sanghi, 759 So.2d at 1257 (¶ 33). “Actual notice does not cure defective process.” Clark, 43 So.3d at 499 (¶ 12); see also Mansour v. Charmax Indus., Inc., 680 So.2d 852, 854-55 (Miss.1996) (citing Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991)). “jurisdiction is not obtained by a defendant’s informally becoming aware that a suit has been filed against him.” Sanghi, 759 So.2d at 1257 (¶ 33) (citing Mansour, 680 So.2d at 854-55).
¶ 40. The judgment here is void because it was entered without jurisdiction over Pearson. See Bryant, Inc. v. Walters, 493 So.2d at 938; Duvall, 224 Miss, at 555, 80 So.2d at 755; Roberts, 866 So.2d at 476-77 (¶¶ 7-8). The failure to comply with the appropriate rules for service of process in matters like contempt, even if a defendant is aware of the suit, prevents a judgment from being entered against him. Pearson was never properly summoned to the November 3, 2010 trial. Two days’ actual notice was not sufficient to provide a meaningful opportunity to defend. There was no basis for jurisdiction for what occurred from November 3, 2010 onward. Thus, the judgment in the amount of $53,528.22 is void.
¶ 41. Therefore, we reverse the judgment of the chancery court and render a judgment in favor of Pearson without prejudice.
¶ 42. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. FAIR, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J„ DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. The parties have two children, one of whom had reached the age of majority.