PIERCE, Justice,
concurring in part and dissenting in part:
¶ 37. I respectfully dissent on Issues Two and Three. Because Issue Two would be dispositive, I will not address Issue Three at this time.
¶ 38. This Court has said that because contempt proceedings are distinct actions, they require notice consistent with Miss. R. Civ. Proc. 81(d). Shavers v. Shavers, 982 So.2d 397, 402 (Miss.2008). Mississippi Rule of Civil Procedure 81(d) states,
Summons shall issue commanding the defendant or respondent to appear and defend at a time and place, either in term time or vacation, at which the same shall be heard. Said time and place *316 shall be set by special order, general order or rule of the court. If such action or matter is not heard on the day set for hearing, it may by order signed on that day be continued to a later day for hearing without additional summons on the defendant or respondent. The court may by order or rule authorize its clerk to set such actions or matters for original hearing and to continue the same for hearing on a later day.
Reasor argues on appeal that he was denied due process when he was found in contempt of Court for an arrearage at both hearings but was never served a summons pursuant to Mississippi Rules Civil Procedure 81(d). Jordan asserts that, because Reasor already had been found in contempt, a summons was unnecessary. I disagree. Here, Reasor was never served with a summons, nor was a date and time set at any previous hearing. While the chancellor may have rendered a judgment in favor of Jordan for the arrearage as requested on December 9, 2008, no further hearing or matter was dealt with until August 11, 2011, a difference of more than two and a half years.
¶ 39. This Court has said that:
The key consideration under Rule 81 is the adequacy of the notice of the date, time and place of the hearing.... However, if a proper summons is given that notifies the other party that a new controversy has arisen and of the date, time and place for a hearing, the rule itself provides that an order entered on the day of the initially-scheduled hearing obviates the need for any new summons for a hearing actually held on a later date. If no such order is entered, there should be a new Rule 81 summons.
Vincent v. Griffin, 872 So.2d 676 (Miss.2004). While an additional summons may not be necessary when an action or matter is continued to a later day for hearing, that did not occur here. The chancellor never continued the December 9, 2008, hearing to a later date, but rather stated that he “would take the other issues (arrearage issues) under advisement and give the parties two weeks to furnish a financial declaration under the Rule 8.05.” However, nothing else happened until August 11, 2011.
¶40. Justice Dickinson, in his concurrence in part and in result, agrees that Reasor was not served as required by Rule 81. However, he argues that Reasor was not held in contempt and has no appeal-able issue. I disagree. Jordan filed a Motion for Status Conference in order to get a judgment on a determination of child-support arrearage and contempt. In his judgment on August 19, 2011, the chancellor addressed these issues and found Reasor in arrears of $24,428.37 plus $2,000 in attorney’s fees. The judgment further ordered that the matter would be reset for review on October 3, 2011, to consider the imposition of sanctions, including incarceration of Reasor for failure to satisfy the judgment. The Motion for Status Conference was a question for determination of arrearage based on the 2008 hearing. Even giving Jordan the benefit of the doubt and assuming that a Rule 81 summons was issued properly for the 2008 hearing, the 2008 hearing was not continued to a later date and time certain, and, although Reasor was served for the 2011 hearing, he was not served appropriately under Rule 81. To say that a person need be served under Rule 81 only if he actually is held in contempt would be procedurally incorrect. The fact that there was a possibility that Reasor might be held in contempt was enough to warrant the necessity of a Rule 81 summons.
¶41. Jordan further argues that, because Reasor appeared at the August 2011 hearing and did not raise any objection to *317 the lack of service of a summons, he waived it. This Court has said that no additional Rule 81 summons is required where by order entered on the day of the hearing scheduled under Rule 81, the action may be continued to a later date certain. Vincent, 872 So.2d at 678; M.R.C.P. 81(d)(5). Additionally, the issue of waiver turns on whether there was a complete absence of service of process or whether there was a problem with service. Complete absence of service of process offends due process and cannot be waived. Chasez v. Chasez, 935 So.2d 1058, 1062 (Miss.Ct.App.2005) citing Isom v. Jemi-gan, 840 So.2d 104, 107 (Miss.2003). The right to contest the court’s jurisdiction based upon a claimed problem with service may be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity. Chasez, 935 So.2d at 1062 (citing Schustz v. Buccaneer, Inc., 850 So.2d 209, 213 (Miss.Ct.App.2003)). The plurality finds that Reasor failed to claim insufficient service of process at his hearings and thus, the issue is waived and barred from review. See Dennis v. Dennis, 824 So.2d 604, 611 (Miss.2002). While Reasor may not have addressed an insufficiency of service of process at the August 2011 hearing, I disagree with the plurality that the issue was waivable. The chancery court did not have jurisdiction to hear the matter, because Reasor was never issued a summons, nor was the hearing continued to a date and time certain after the initial hearing pursuant to Mississippi Rules Civil Procedure 81. In Caples v. Caples, this Court found that the noncompliance with Rule 81 was defective notice, because the summons issued did not indicate the time and place the complaint would be heard. Even though the appellant appeared at the hearing, this Court still reversed and remanded based on improper notice. Capíes v. Ca-píes, 686 So.2d 1071, 1074 (Miss.1996). Accordingly, I respectfully disagree with the plurality on Issue two, because Reasor was not properly served under Rule 81. I would vacate the judgment of the trial court and remand the matter until proper service can be had upon Reasor.
WALLER, C.J., RANDOLPH, P.J., AND COLEMAN, J., JOIN THIS OPINION.