WILSON, J.,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 32. I would hold that Russell waived any objection to Byrd’s failure to serve a Rule 81 summons when Russell failed to raise the issue at her first opportunity in *125 the trial court. Accordingly, I respectfully concur in part and dissent in part.[6]
¶33. I agree with the majority that a Rule 81 summons was required and that Russell did not waive her objection simply, because she was generally aware of the hearing date and failed to appear.[7] However, I would hold that she waived her objection when she thereafter appeared and failed to make any of the arguments that she now raises on appeal.
¶34. After the chancellor entered an order construing the will, Russell filed a “Motion for Enlargement of Time to File Motion for Reconsideration,” which the parties and the judge agreed would be construed as a motion for reconsideration. A hearing was then held at which Russell testified and was afforded an opportunity to argue any reason why the order construing the will should be set aside or reconsidered. At the -hearing, Russell’s attorney stated that there was “a question as to whether or not [Russell] was properly noticed about the' hearing” on the motion to- construe the will. Russell testified that she was never advised in person, by phone, or by letter that there was to be a hearing on a motion to construe the will; she knew that a court date had been set for some purpose, but she unilaterally assumed that it was cancelled when her former attorney moved to withdraw from the case. Russell argued that the order construing the will should be set aside because she failed to appear at the hearing, as a result of her former attorney’s withdrawal; she also noted that the order setting the prior hearing gave an incorrect date for the hearing (2/23/2008 rather than 2/23/2009). However, Russell never mentioned Rule 81, a summons, or service of process, and she never argued that the order construing the will was void for lack of jurisdiction or violated due process. The entire trial court record contains no mention of any of these issues. These are all arguments advanced for the first time on appeal.
¶ 35. While I agree that Russell did not waive her objection by failing to appear at the hearing on the motion to construe the will, I would hold that she waived it when she subsequently appeared and failed to raise the issue at a hearing held for the specific purpose of providing her with an opportunity to present any reason why the order construing the will should be set aside. In cases involving service of process under Rule 4, it is clear that “the right to contest the court’s jurisdiction based on some perceived problem with service may yet be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity.” S & M Trucking LLC v. Rogers Oil Co. of Columbia, 195 So.3d 217, 223 (¶ 24) (Miss. Ct. App. 2016) (quoting Schustz v. Buccaneer Inc., 850 So.2d 209, 213 (¶ 15) (Miss. Ct. App. 2003)). We have held that the same principle applies in Rule 81 proceedings. Chasez v. Chasez, 935 So.2d 1058, 1062 (¶ 12) (Miss. Ct. App. 2005) (citing Schustz, 850 So.2d at 213 (¶ 15)). “[T]he defendant’s ‘first defensive move’ must put the plaintiff ‘on notice’ that the defendant will ‘pursue dismissal based on insufficiency of service of process.’ ” S & M Trucking, 195 So.3d at 223 (¶ 24) (quoting Burleson v. Lathem, 968 So.2d 930, 935 (¶ 13) (Miss. 2007)) (emphasis omitted),
¶ 36. Here, Russell appeared in the trial court but failed to raise the issues of insuf *126 ficient service of process under Rule 81, personal jurisdiction, or due process. She failed to do so not just at her “first opportunity” but at any point during the next six years of litigation in the chancery court. The first time she raised these issues was in her opening brief on appeal. I would hold that she waived any objection based on insufficient service of process by failing to raise issues at the first opportunity.
¶ 37. The majority points out that in Serton v. Serton, 819 So.2d 15, 20 (¶ 22) (Miss. Ct. App. 2002), which involved a contempt petition that resulted in a lengthy incarceration, this Court held that an objection based on insufficient service of process under Rule 81 was not waived even though it was first raised in a reply brief on appeal. The Court stated that “since the acquisition of process over a respondent is a prerequisite to the court’s authority to act in Rule 81(d)(2) matters, and since the question of jurisdiction may be raised for the first time on appeal, we consider the issue.” Id. If intended as a general statement of law, this quote is inconsistent with the principle that objections to insufficient service of process may be waived. “Subject matter jurisdiction may be raised at any time, even for the first time on appeal.” Graves v. Dudley Maples L.P., 950 So.2d 1017, 1022 (¶ 21) (Miss. 2007) (emphasis added). However, the issue raised in this case does not implicate the chancery court’s subject matter jurisdiction. Indeed, in this case, the chancery court possessed not only subject matter jurisdiction to construe the will, see Miss. Const, art. 6, § 159(c), but also personal jurisdiction over Russell because she and Byrd jointly filed the petition to probate the will and for letters testamentary and thereby submitted to the chancery court’s jurisdiction. See Powell v. Powell, 644 So.2d 269, 274 n.4 (Miss. 1994) (holding that the chancery court continued to have personal jurisdiction over the defendant based on the underlying divorce proceeding, although petitions to modify custody and other “Rule 81 matters, because of their nature, require special notice”). The above quote from Serton is inaccurate to the extent that it implies that Rule 81 issues may never be waived.[8]
¶38. It seems clear that in March of 2009, the requirement of a- Rule 81 summons never occurred to Byrd, Russell, their lawyers, or the judge. Byrd filed a “Motion to Construe Will” in an ongoing probate matter that she and Russell jointly initiated. When the motion was filed, Russell was already a party to the case and was represented by counsel. In addition, at the hearing on Russell’s motion to reconsider, counsel for both sides repeatedly referred to the pleading as a “motion,” not as a petition or anything else. See Pearson, 106 So.3d at 848-49 (¶¶ 15-18) (explaining that matters listed in Rule 81 are not raised by “motion” but by a “properly served complaint or petition”). Once Russell became aware that an order construing the will had been entered, she was required to raise any objection based on insufficient service of process at the first opportunity. I would hold that the arguments that she made in the trial court— which did not reference Rule 81, a summons, service of process, jurisdiction, or due process—failed to preserve the issue.
¶ 39. In summary, I would hold that Russell waived her Rule 81 objection as it relates to the motion to construe the will. *127 Accordingly, I respectfully concur in part and dissent in part.
GRIFFIS, P.J., AND CARLTON, J., JOIN THIS OPINION.

. I concur in part 2 of the majority opinion regarding the property line dispute.

. See M.R.C.P. 81(d)(1), (5); Pearson v. Browning, 106 So.3d 845, 850 (¶ 27) (Miss. Ct. App. 2012) ("Actual notice does not cure defective process.’-’ (quoting Clark v. Clark, 43 So.3d 496, 499 (¶ 12) (Miss. Ct. App. 2010))).

. The appellant in Serton remained incarcerated based on the chancery court’s finding of contempt and was released as a result of this Court’s decision on appeal. See Serton v. Sollie, 829 So.2d 730 (Miss. Ct. App. 2002). The unique facts of that case perhaps serve to explain this Court’s finding that he had not waived his objection under Rule 81.