ON MOTION FOR REHEARING
McMILLIN, P. J.,
for the Court:
¶ 1. This matter is before this Court on Ginger Gardner’s motion for rehearing. The motion for rehearing is granted. The original opinion dated October 7, 1997 is withdrawn and this opinion is substituted in its place.
¶2. This case comes before the Court on appeal from an order entered in the Circuit Court of Wayne County dismissing Hazel Rains’s complaint filed against Ginger Gardner and Tina Clark. We affirm the decision of the trial court.
¶3. Rains filed a personal injury action against Gardner and Clark, claiming that she fell while on a commercial parking lot owned by the defendants. Rains alleged that she fell because of a defect in the lot.. She charged that the defendants were negligent in failing to properly maintain their property. At the time suit was filed — January 13, 1995 — Rains’s attorney requested that the clerk not issue process until directed to do so. On June 14, 1995, counsel finally asked that process issue to Gardner and she was served on June 19. There was never a request for process to issue to Clark.
¶ 4. Gardner appeared through counsel and moved the trial court to dismiss under Mississippi Rule of Civil Procedure 4(h). That rule provides that an action may be dismissed on the court’s own initiative or on motion if (a) service is not completed within 120 days after the complaint is filed and (b) the plaintiff “cannot show good cause why such service was not made within that peri-od_” M.R.C.P. 4(h). Gardner also asserted a statute of limitations defense in her motion. The trial court conducted a hearing and concluded that Rains had failed to demonstrate good cause for her failure to have process served on Gardner for a period well in excess of the 120 days set out in the rule. The court, therefore, dismissed the complaint as to Gardner under Rule 4(h).
¶ 5. During the course of the hearing on Gardner’s motion, counsel for Gardner said, “There are some differences in the facts which the Court will hear but we ask the Court to dismiss [the complaint] as to Ms. Clark also under the rule that I read. But it’s the Court’s duty to do that....” When asked if he represented Clark, counsel replied, “I’m not representing to the Court that I represent anybody but Ms. Gardner but Ms. Clark ought to also be dismissed. It’s the Court’s duty under this rule to do that.” Rains claimed that these statements amounted to a voluntary appearance by Clark, thereby waiving the requirement of service of process on her. The trial court rejected that argument and dismissed the complaint as to Clark on its own motion under Rule 4(h).
¶ 6. Rains claims on appeal that both of these rulings by the trial court were erroneous. For reasons that we will discuss, we find Rains’s argument on both points to be without merit.
*770 A.
A Voluntary Appearance by Clark
¶ 7. We reject Rains’s assertion that the statements by Gardner’s counsel concerning the propriety of dismissing Clark as a defendant represented a voluntary appearance by Clark in the suit. Certainly, a person may waive process and enter an appearance, and that appearance may be made by an attorney authorized by the party to do so. However, a disputed assertion that such an event has occurred raises an issue of fact. The party claiming such an appearance has the burden of proof on the question. Before Gardner’s attorney could have entered an appearance for Clark, it would have been necessary to establish to the satisfaction of the court that the attorney was, in fact, retained by Clark and authorized to make an entry of appearance on her behalf. When the matter was inquired into at the hearing, the attorney unequivocally stated that he did not represent Clark. Rains offered no evidence to the contrary. Even had Gardner’s attorney argued Clark’s cause at great length, if he did so without Clark’s authority, his actions could not constitute a voluntary appearance by Clark. In the absence of even a hint of evidence that this attorney actually represented Clark, we find this argument by Rains to be singularly without merit.
B.
A General Appearance by Gardner
¶ 8. Rains argues that Gardner, by filing a motion seeking dismissal of the complaint, made a general appearance in the case and thereby waived any defects in the process, including its untimeliness under Rule 4(h). She relies on the case of Hurst v. Southwest Miss. Legal Services Corp., 610 So.2d 374 (Miss.1992). In that case, process was attempted on an out-of-state defendant, Hilda Burnett, by service on the Mississippi Secretary of State under Mississippi’s “long-arm” statute. Id. at 387. The requisite certified mailing from the Secretary of State to the defendant was returned “unclaimed.” The corporate defendant, Burnett’s former employer, filed a motion to quash the process on Burnett as inadequate under the statute. That motion made no mention of Rule 4(h). Burnett filed what she intended to be a special appearance for the limited purpose of joining in that motion. Id. However, the supreme court, citing only a 1964 pre-rules case and ignoring the effect of the subsequent adoption of Mississippi Rule of Procedure 12, held that Burnett’s joinder in the motion constituted a general appearance. Id.
¶ 9. Although it is not clear in the Hurst decision, it appears that Burnett later sought to argue an alternate ground for dismissal after she had joined in Southwest’s motion. Burnett belatedly asserted that the trial court should have dismissed her as a defendant under Rule 4(h) since service was not attempted on her until over three years after the complaint was filed. Id. The supreme court suggested that dismissal under this alternate ground would have been appropriate but for the fact that Burnett’s earlier general appearance constituted a waiver of “all objections to improper or insufficient service of process.” Id.
¶ 10. Rains argues that Gardner’s motion constituted a general appearance under the Hurst decision, thereby waiving any defect arising out of the untimeliness of the service of process. The Hurst decision does not apply to the facts now before us. In Hurst, the party’s first appearance in the ease, deemed by the supreme court to be a general appearance, was by a pleading that made no mention of a Rule 4(h) dismissal. The result in that case, insofar as Rule 4(h) is concerned, arises out of the fact that Burnett did not assert her right to seek dismissal under that rule at the first opportunity and thereby waived it. We are not concerned with whether Gardner’s motion was a general or special appearance because, at the time it was made, there is no doubt that she was already subject to the in personam jurisdiction of the court. A Rule 4(h) dismissal due to the plaintiffs unexplained lack of diligence in having process served does not void the process ab initio. A Rule 4(h) movant prevails by defeating the previously-existing jurisdiction of the court rather than *771 by demonstrating that such jurisdiction never attached.
¶ 11. Rule 4(h) states on its face that the action may be dismissed as to a defendant “upon the court’s own initiative with notice to such party or upon motion.” M.R.E. 4(h) (emphasis supplied). There is no one with standing to seek dismissal under this rule by motion other than the affected ..party. The interpretation of the rule urged by Rains would require us to read the phrase “or upon motion” entirely out of the rule, and we will not do that.
¶ 12. As we previously observed, the Hurst decision strongly suggests that, had the defendant in that ease properly raised her Rule 4(h) issue before joining in the motion attacking the process on other grounds, she would have been entitled to dismissal. Specifically, the court said that “[h]ad Burnett not made a general appearance, Rule 4(h) would have mandated her dismissal because the Hursts have shown no good cause for their failure to serve Burnett within 120 days.” Id. at 387. Rains’s reliance on Hurst is, thus, misplaced. The case actually lends support to Gardner’s position.
¶ 13. This Court’s work is not done, however. We are yet faced with the somewhat different question of whether Gardner waived her right to seek dismissal under Rule 4(h) by simultaneously asserting a defense that more directly touches on the merits of the suit. This question remains unanswered, despite our finding of the inapplicability of Hurst, due to the fact that Gardner elected to combine two alternate theories of relief in her initial motion.
¶ 14. The assertion that Rains’s claim was barred by the statute of limitations is an affirmative defense. M.R.C.P. 8(c). It is a defense to the claim itself and necessarily concedes the court’s jurisdiction. Had such a defense been asserted in a separate pleading filed before a motion to dismiss under Rule 4(h) was filed, the Hurst decision would apply and compel a holding that the defendant had waived her rights under Rule 4(h). This accords with the interpretation given to the parallel federal rule. In Kersh v. Derozier, the Fifth Circuit held that where a defendant filed an answer to a complaint and subsequently sought to dismiss under Federal Rule of Civil Procedure 4(j) (which is identical to our Rule 4(h)) because service had not been accomplished within 120 days, the prior filing of an answer constituted a waiver of any objection based on the untimeliness of the process. Kersh v. Derozier, 851 F.2d 1509 (5th Cir.1988).
¶ 15. The Hurst decision does not address the question of simultaneously seeking Rule 4(h) dismissal and asserting another defense that concedes jurisdiction. Neither does the Kersh v. Derozier decision. However, Mississippi Rule of Civil Procedure 12, dealing generally with the procedure for presenting defenses and objections to a claim, states that “[n]o defense or objection is waived by being joined with one or more other defenses or objefctions in a responsive pleading or motion.” M.R.C.P. 12. We, therefore, hold that- the joinder of the statute of limitations defense in the motion to dismiss for the untimeliness of the process under Rule 4(h) did not constitute a waiver of Gardner’s right to pursue relief under Rule 4(h).
¶ 16. THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., and KING, PAYNE and SOUTHWICK, JJ., concur.
THOMAS, P.J., dissents with separate written opinion joined by COLEMAN, DIAZ and HERRING, JJ.
HINKEBEIN, J., not participating.