GRIFFIS, P.J.,
for the Court:
¶ 1. This case considers whether a Mississippi court obtained personal jurisdiction over an out-of-state defendant, who was not served with process, because an attorney filed pleadings on behalf of the defendant. The Chancery Court of Oktib-beha County answered this question in the affirmative. We find no error and affirm.
FACTS
¶ 2. Emilio Garma-Fernandez filed a lawsuit on June 16, 2009. The complaint named the following defendants: TAG Investments LLC, TAG State Theatre LLC, Doe’s of Starkville LLC, Starkville State Theatre LLC, Starkville Commercial Enterprises LLC, Timothy Garrett, John *931 Deahl, James F. Kennedy Jr., John Arnold Sr., and Gary Richards. There is an issue, which will be discussed later, as to the correct spelling of Richard’s name (correctly referred to hereinafter as “Richard”). Richard was identified as an adult resident citizen of Richmond, Virginia.
¶ 3. Garma-Fernandez’s complaint arose out of the commercial dealings of the parties. Several of the named defendants owned a bar and restaurant in Starkville, Mississippi. Garma-Fernandez was employed to manage the bar and restaurant. The complaint asserts that Richard, along with other defendants, had offered to buy the bar and restaurant. Garma-Fernandez alleges that he had a contractual relationship with each of the defendants. The complaint asserted claims for an accounting, imposition of a resulting trust and equitable ownership, injunction, breach of contract, tortuous interference with contract, anticipatory breach of contract, recovery of unlawful distributions, compensatory damages, punitive damages, and attorney’s fees.
¶ 4. The summons and complaint were served on several defendants. Richard was not personally served with a summons and complaint in accordance with Mississippi Rule of Civil Procedure 4. Some type of process was posted on Richard’s door in Virginia on June 30, 2009.
¶ 5. On July 7, 2009, Billie Jo White, a licensed Mississippi attorney, informed Garma-Fernandez’s counsel that she represented six defendants in the case. One of the defendants was Richard. Thereafter, Garma-Fernandez’s counsel sent all letters, pleadings, and notices to White and made no further attempt to serve Richard.
¶ 6. In July 2009, Garma-Fernandez had some conversations with Richard. Garma-Fernandez’s attorney told him to stop because Richard was represented by counsel. Garma-Fernandez said it was apparent from those conversations that Richard was aware of the lawsuit.
¶ 7. On September 24, 2009, White filed a responsive pleading entitled “Motion, Answers, Defenses and Counterclaims of Defendants Tag State Theater, LLC, Doe’s of Starkville, LLC, Starkville State Theater, LLC, Starkville Commercial Enterprises, LLC, James F. Kennedy, Jr., and Gary Richards.” In this nineteen-page responsive pleading, White referred to Richard throughout the pleading along with the other defendants that she represented. White did not claim to represent defendants TAG Investments LLC, Timothy Garrett, John Deahl, or John Arnold Sr.
¶ 8. Garma-Fernandez served discovery on Richard through White. White failed to respond to discovery requests. The court ordered that any evidence in the documents to be produced or interrogatories that had not been given to Garma-Fernandez was excluded and inadmissible at trial. The court also ruled that Richard’s counterclaim was dismissed with prejudice; the matters in the request for admissions against Richard were deemed admitted; and attorney’s fees were awarded to Garma-Fernandez.
¶ 9. On September 28, 2010, Garma-Fernandez filed a motion for summary judgment. Garma-Fernandez also filed a motion for contempt and imposition of sanctions because White and Richard had not paid the previously ordered attorney’s fees.
¶ 10. On October 15, 2010, White filed a “Joint Motion for Extension of Time to Respond to Motion for Summary Judgment and Motion for Continuance.” This motion was filed only on behalf of Richard. White stated she had recently moved and started a new job. Because of this transi *932 tion, she had stored her files in a storage building. She stated that she could not locate Richard’s file. She also stated that she had not been able to notify Richard of the motion for summary judgment. She further stated she did not get notice of the hearing until September 29, 2010, just sixteen days prior to the hearing. Thus, she said that, because Richard is a Virginia resident, sixteen days was not enough time to make arrangements for him to appear at the hearing.
¶ 11. On November 9, 2010, the chancellor granted Garma-Fernandez summary judgment and entered a final judgment of $136,000, along with the earlier award of attorney’s fees of $1,267.50.
¶ 12. In May 2011, Garma-Fernandez began collection proceedings in Richmond, Virginia, against Richard. Richard retained counsel. In June 2011, Richard’s counsel filed a pleading in the Oktibbeha County Chancery Court entitled “Limited Appearance to Contest Jurisdiction” (“limited-appearance motion”) under Mississippi Rule of Civil Procedure 60. In this pleading, Richard claimed that he did not know White and had not been represented by her. He attached an affidavit that stated: (a) the facts contained in the limited-appearance motion were true; (b) he first learned of the litigation in April 2011; (c) his only contact with the State of Mississippi was as a member of Starkville Commercial Enterprises LLC; and (d) he never had a contract of employment with Garma-Fernandez or anyone else in Mississippi. Richard asked that the judgment against him be declared void.
¶ 13. A hearing on the limited-appearance motion was held on July 20, 2011. The chancellor accepted Richard’s affidavit as evidence, and Garma-Fernandez offered recordings of telephone conversations. Richard’s counsel asked that the hearing be continued.
¶ 14. Another hearing was held on September 28, 2011. Richard’s attorney announced that the only evidence he would offer would be Richard’s affidavit. Gar-ma-Fernandez testified about his conversations with Richard and White’s efforts on behalf of Richard. Two tape recordings were admitted into evidence.
¶ 15. On October 20, 2011, Richard filed an affidavit signed by White. White stated that she “listed Gary Richard as one of the defendants whom she represented but such listing was in error,” and “she does not now and has never represented Gary Richard or spoken to him or had any contact with him whatsoever.”
¶ 16. On November 18, 2011, the chancellor entered an “Order on Limited Appearance to Contest Jurisdiction.” The chancellor determined that White had filed an answer on behalf of Richard and other defendants; the answer did not raise a defense of lack of personal jurisdiction or insufficiency of service of process; and the answer waived these defenses through the participation in the legal proceeding up to trial and entry of judgment.
¶ 17. The chancellor noted flaws in Richard’s affidavit that undermined Richard’s credibility. For example, Richard claimed he did not know about the litigation until April 2011, yet the telephone conversations established that he was aware of the litigation. The chancellor determined that Richard was represented by White, and White accepted process on his behalf and entered an appearance for Richard. The chancellor rejected Richard’s argument that he was not represented by White, and found that White’s pleadings were contrary to her claim that she did not represent Richard. The chancellor, therefore, denied Richard’s limited-appearance motion. It is from this judgment that Richard now appeals.
*933 STANDARD OF REVIEW
¶ 18. The Mississippi Supreme Court has held that “motions for relief under Rule 60(b) are generally addressed to the sound discretion of the trial court[,] and appellate review is limited to whether that discretion has been abused.” Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984) (citation omitted). This Court applies a de novo standard of review to jurisdictional questions. Sorrells v. R & R Custom Coach Works, Inc., 686 So.2d 668, 670 (Miss.1994).
ANALYSIS

1. The chancery court had personal jurisdiction over Richard; thus, the judgment is valid.

¶ 19. Richard filed a motion for relief from judgment under Mississippi Rule of Civil Procedure 60. Rule 60(b)(4) provides: “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reason[s]: ... (4) the judgment is void.” A judgment is void if the rendering court lacked personal or subject-matter jurisdiction or acted in a manner inconsistent with due process. Over-bey v. Murray, 569 So.2d 303, 306 (Miss. 1990) (citations omitted).
¶ 20. The question presented is whether Garma-Fernandez’s judgment was void because the chancery court lacked personal jurisdiction over Richard. For a judgment to be valid, the court must have personal jurisdiction over the parties to the action. James v. McMullen, 733 So.2d 358, 359 (¶ 3) (Miss.Ct.App.1999).
¶ 21. A court obtains personal jurisdiction over a defendant in one of two ways. Personal jurisdiction is established when a defendant is properly served the summons and complaint under Rule 4 of the Mississippi Rules of Civil Procedure. Personal jurisdiction is also established when a defendant voluntarily enters an appearance. Isom v. Jernigan, 840 So.2d 104, 107 (¶ 9) (Miss.2003) (citations omitted). “One waives process and service ... upon making a general appearance.” Id.
¶ 22. Richard was not served with Rule 4 process. However, Richard entered an appearance in this case when White filed a responsive pleading on his behalf. When White filed the responsive pleading on September 24, 2009, Richard voluntarily entered an appearance in the Chancery Court of Oktibbeha County and was subjected to the jurisdiction of the court. The fact that Richard was not served with process under Rule 4 no longer mattered.
¶ 23. Despite this voluntary appearance through attorney White, Richard could have contested both personal jurisdiction and insufficiency of service of process in the responsive pleading. See M.R.C.P. 12(b)(2), (5). He did not. The result was that the responsive pleading, without the Rule 12(b) defense asserted, waived his right to contest personal jurisdiction. See M.R.C.P. 12(h)(1). “[T]he right to contest the court’s jurisdiction based on some perceived problem with service may yet be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity.” Schustz v. Buccaneer, Inc., 850 So.2d 209, 213 (¶ 15) (Miss.Ct.App.2003). “Thus, a defendant appearing and filing an answer or otherwise proceeding to defend the case on the merits in some way — such as participating in hearings or discovery — may not subsequently attempt to assert jurisdictional questions based on claims of defects in service of process.” Id.
¶24. Our inquiry does not end here. Richard argues that a Mississippi attorney cannot give a Mississippi court *934 personal jurisdiction over a nonresident unless that attorney has been hired by the nonresident. Richard’s brief cites, but does not discuss, Rains v. Gardner, 719 So.2d 768 (Miss.Ct.App.1998).
¶ 25. In Rains, this Court acknowledged that an individual can waive process, and an authorized attorney may enter an appearance on his behalf. Id. at 770 (¶ 7). When this issue is raised, the party that claims an appearance has been made bears the burden of proof. Id.
¶26. One defendant, Ginger Gardner, was represented by an attorney. Id. at 769 (¶ 5). Gardner’s attorney appeared on her behalf but argued that the other defendant, Tina Clark, whom the attorney did not represent, should also be dismissed from the action. Id. When the court asked the attorney whether he represented both defendants, the attorney definitively stated he only represented one (Gardner). Id. Nevertheless, the attorney renewed his argument that both defendants (Gardner and Clark) should be dismissed. Id. The plaintiff, Hazel Rains, argued that Gardner’s attorney’s actions constituted a voluntary appearance on behalf of Clark. Id. The trial court rejected that argument, and Rains appealed. Id. at (¶¶ 5-6).
¶ 27. This Court found that because there was not “even a hint of evidence” that the attorney actually represented Clark, Rains’s argument had no merit. Id. at 770 (¶ 7). This Court also noted that even if the attorney had made extensive arguments on the unrepresented defendant’s behalf, the attorney could not have entered a voluntary appearance on behalf of the individual if he acted without authority. Id.
¶ 28., This case is not factually similar to Rains. Here, White filed pleadings on behalf of Richard, and other defendants. The question the chancellor had to decide was whether Richard consented to or authorized White’s representation.
¶ 29. The chancellor determined that there was sufficient evidence to conclude that Richard consented to and authorized White’s representation. White filed the responsive pleading that specifically named Richard as a defendant[1] whom she represented. Garma-Fernandez’s attorney served White with discovery for Richard. There was correspondence from Garma-Fernandez’s attorney to White that discussed her representation of Richard. The court entered an order compelling Richard to respond to discovery, with White acting as his attorney.
¶ 30. Also, the October 15, 2010 “Joint Motion for Extension of Time to Respond to Motion for Summary Judgment and Motion for Continuance” was filed only on Richard’s behalf. White represented herself as “his counsel of record.” White stated to the court that she had not been able to notify Richard of the motion for summary judgment, and that, because Richard was a Virginia resident, sixteen days was not enough time to make arrangements for him to appear at the hearing. Also, in this motion, White refers to Richard as “her client.”
¶ 31. We recognize that Richard’s affidavit attached to the limited-appearance motion claims that he never authorized White to act on his behalf. However, an assertion in Richard’s affidavit was contradicted by the evidence. White’s affidavit states that she was not and never had been Richard’s attorney. White’s affidavit, however, was contradicted by her previous assertions to the court. We agree with the chancellor that the credibility of both affidavits was undermined.
*935 ¶ 32. We find the evidence in the record demonstrates that White did, in fact, enter an appearance for Richard, and that she was his authorized representative in this action. Therefore, we find no merit to this issue and find no error in the chancellor’s judgment that found the court had personal jurisdiction over Richard.

2. The chancery court’s personal jurisdiction over Richard was not based on Richard’s awareness of the lawsuit.

¶ 33. Next, Richard claims that knowledge of litigation is not sufficient to confer jurisdiction. This Court has stated “even actual knowledge of a suit does not excuse proper service of process.” Blakeney v. Warren Cnty., 973 So.2d 1037, 1040 (¶ 13) (Miss.Ct.App.2008) (quoting Mansour v. Charmax Indus., 680 So.2d 852, 855 (Miss.1996)).
¶ 34. As discussed above, the chancery court’s personal jurisdiction over Richard was not based on Richard’s awareness of the lawsuit. The chancellor correctly determined that the court gained personal jurisdiction over Richard through his general appearance. Therefore, we find no merit to this issue.
¶ 35. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.

. Richard argues that White misspelled his name in this pleading, and this is "telling” that White was not his attorney. White also misspelled the name of Defendant James Kennedy, whom she also represented. She spelled his name "Kenndy.”