DIAZ, Judge,
for the Court:
¶ 1. Emma Evans appeals the lower court’s orders setting aside the previously entered default judgment and granting the appellee’s motion to dismiss. On appeal, Evans argues that the lower court erred in (1) setting aside the default judgment based on an improper finding that Oberon Holding Corporation had not been validly served with process and in (2) finding that the statute of limitations barred Evans’s claim. Finding Evans’s arguments without merit, we affirm.
FACTS
¶ 2. On December 23, 1991, Ronnie Sutters was shot and killed while on the premises of Players Lounge, Inc. in Jackson, Mississippi. On December 21, 1994, Emma Evans, the administratrix of Sutters’s estate and representative of Sutters’s heirs, filed a wrongful death action against Players Lounge, Inc. and Jackson Square Shopping Center, Inc. alleging that the defendants were negligent in providing for Sutters’s safety while he was a guest on their premises. On March 22, 1995, Evans amended her complaint in order to name Oberon Holding Corporation (hereinafter “Oberon”) as an additional defendant.[1]
¶ 3. Evans first attempted to serve Oberon’s owner, Mark Berlin, with process by certified mail to an address in Florida; however, Berlin had moved from that address and therefore, did not receive notice of the lawsuit. On April 11, 1995, Evans again attempted service of process by certified mail to Oberon, in care of Schulte, Roth & Za-bel — a New York law firm Evans believed to be Oberon’s agent for service of process. On June 6, 1995, the lower court entered a default judgment against Oberon in the amount of $1.5 million due to Oberon’s failure to answer or otherwise defend the allegations listed in Evans’s complaint. On February 9, *827 1996, Oberon filed a motion to set aside the default judgment, citing invalid service of process. On May 6, 1996, the lower court entered its order granting Oberon’s motion. In the order, the court found that Oberon had not been properly served with process. Thereafter, on May 9, 1996, Evans once again attempted to serve process on Oberon by service upon the Secretary of State of New York. However, Evans was advised that process was ineffective due to the Secretary of State’s unwillingness to accept service on actions from courts other than those located in New York. Finally, on May 30, 1996, Evans served a copy of the summons and amended complaint upon Oberon’s owner, Mark Berlin, at his address in New York.
¶ 4. On June 24, 1996, Oberon filed its motion to dismiss, alleging that all claims asserted against it were barred by the statute of limitations. On January 8, 1997, the lower court entered its order granting Oberon’s motion to dismiss. In its order of dismissal, the lower court found that Evans’s claims against Oberon were barred by the three-year statute of limitations. Feeling aggrieved, Evans now perfects her appeal to this Court.
DISCUSSION
I. DID THE LOWER COURT ERR IN SETTING ASIDE THE PREVIOUSLY ENTERED DEFAULT JUDGMENT?
¶ 5. The Mississippi Rules of Civil Procedure authorize the court to enter a default judgment when a party has failed to plead or otherwise defend the allegations against him. M.R.C.P. 55(a). However, when the judgment is later deemed to have been void, the court may relieve a party from the default judgment. M.R.C.P. 60(b)(4). Under Mississippi law, the grant or denial of a 60(b) motion is generally within the lower court’s discretion, unless the judgment in question is deemed to be void. Sartain v. White, 588 So.2d 204, 211 (Miss.1991). In such a ease the lower court has no discretion — the court must set the void judgment aside. Id. Oberon claims that the default judgment which the lower court entered against it was void due to insufficient service of process. The lower court agreed with Oberon and subsequently vacated its previous judgment of default.
¶ 6. In the case now under consideration, Evans attempted to serve Oberon with process on two different occasions prior to the entry of default. The first attempt was on March 21, 1995, which was one day before the lower court entered its order allowing Evans to amend her complaint to include Oberon as a defendant. Although the summons and complaint were addressed to Mark Berlin, Oberon’s owner, the return receipt was signed by someone other than Berlin. Therefore, Evans’s first attempt to serve process upon Oberon was insufficient in that Oberon was not provided with adequate notice of the complaint against it.
¶ 7. Evans’s second attempt at service of process was made on April 11, 1995, and was served upon the New York law firm of Schulte, Roth & Zabel. Under M.R.C.P. 4(d)(4), when serving process upon a foreign corporation, a copy of the summons and of the complaint should be delivered to an “officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.” Because Oberon is a New York corporation, we must look to New York law to determine the applicable agent for service of process.
¶ 8. As required by New York’s Business Corporation Law § 402, Oberon’s certificate of incorporation provided as follows: “The Secretary of State is designated as the agent of the Corporation upon whom process in any action or proceeding against it may be served. The post office address to which the Secretary of State shall mail a copy of any process against the Corporation served upon him is c/o Schulte Roth & Zabel, 460 Park Avenue, New York, New York 10022.” Evans argues that since Oberon designated Schulte, Roth & Zabel as its “process address,” then it necessarily follows that Schulte, Roth & Zabel was also Oberon’s agent for service of process.
¶ 9. However, under New York law, when a corporation designates a process address, the designation is insufficient to make the designee the corporation’s agent for service of process. Coil Co., Inc. v. Weather- *828 Twin Corp., 539 F.Supp. 464, 469 (S.D.N.Y.1982). Evans obviously knew that she should direct her service of process to Mark Berlin since she first attempted to serve him at an invalid address in Florida. When she was unsuccessful, she attempted service of process upon Schulte, Roth & Zabel. The supreme court gives every party “the right to notice in a court proceeding concerning him and to be present and to introduce evidence at the hearing.” Weeks v. Weeks, 556 So.2d 348, 349 (Miss.1990). Because Evans failed to provide Oberon with the notice required by law, the lower court was correct in setting aside the previously entered default judgment. Finding no cause to reverse in Evans’s first assignment of error, we dismiss her claim as lacking in merit.
II. DID THE STATUTE OF LIMITATIONS BAR EVANS’S CLAIM?
¶ 10. Evans next argues that her claims against Oberon survived the expiration of the statute of limitations because the amended complaint “related back” to the original complaint by virtue of M.R.C.P. 15(c). However, even if we were to accept Evans’s argument, the “relation back” would not save her claim from being time-barred. In the present case, the applicable three-year statute of limitations began to run on December 23, 1991, the day of Ronnie Sutters’s death. Sweeney v. Preston, 642 So.2d 332, 335 (Miss.1994); Miss.Code Ann. § 15-1-49 (Rev.1995). The filing of the original complaint on December 21, 1994, just two days before the statute of limitations expired, tolled the statute of limitations until the expiration of the 120-day service of process period. Watters v. Stripling, 675 So.2d 1242, 1244 (Miss.1996); M.R.C.P. 4(h). If we were to agree with Evans that the amended complaint, which was filed on March 22, 1995, “related back” under Rule 15(c), Evans would have had the next 120 days, ie., until July 20, 1995, in which to serve Oberon with process. Since Oberon was not properly served within the 120-day period following the filing of the amended complaint, the statute of limitations began running again on July 21, 1995 and expired on July 22, 1995, pursuant to the three-year limitation set forth in Miss.Code Ann. § 15-1-49 (Rev. 1995). See also Watters, 675 So.2d at 1244. As such, the “relation back” provision of M.R.C.P. 15(c) does little to help Evans avoid the expiration of the statute of limitations in the case at bar. Therefore, we find that her action against Oberon is now barred.
¶ 11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF. THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.

. Oberon is a New York corporation with an ownership interest in Jackson Square Shopping Center — the property on which Players Lounge, Inc. was located.