850 So.2d 209 (2003)
Karen M. SCHUSTZ, Tanya Ann Schustz, Cynthia Marie Schustz and Lisa M. Gros, Appellants,
v.
BUCCANEER, INC. and Norbert W. Kohnke, II, Appellees.
No. 2001-CA-00592-COA.
Court of Appeals of Mississippi.
July 15, 2003.
*210 John F. Ketcherside, Bay St. Louis, Patricia Broussard Judice, attorneys for appellant.
Donald Rafferty, Gulfport, Patrick H. Zachary, Hattiesburg, attorneys for appellee.
EN BANC.

ON MOTION FOR REHEARING
McMILLIN, C.J., for the court.
¶ 1. The motion for rehearing is denied and the original opinion is withdrawn and this opinion is substituted therefor. This case originated as a wrongful death action arising out of the drowning death of Lennie Schustz while a guest at the Paddle Wheel Motel in Hancock County. At the time of Schustz's death in December 1995, *211 the motel was owned by a Mississippi corporation named Buccaneer, Inc. (hereafter "Buccaneer"). The action was brought initially against Buccaneer. Later, an individual named Norbert W. Kohnke, who was alleged to be a successor in interest to Buccaneer insofar as the motel property was concerned, was added as a defendant. The matter now before this Court involves the limited question of whether the trial court erred in dismissing Buccaneer as a defendant pursuant to Mississippi Rule of Civil Procedure 4(h), which permits dismissal of a defendant if process is not completed within 120 days of filing of the complaint and the plaintiffs are unable to demonstrate good cause for the failure to accomplish service. Though this ruling did not resolve the case as to all parties, the trial court certified its ruling as to Buccaneer as a final judgment under Mississippi Rule of Civil Procedure 54(b), and this appeal ensued.
¶ 2. The appellants now before this Court are the statutorily-designated wrongful death beneficiaries of Schustz. For purposes of simplicity and clarity, these parties will be referred to as "the Beneficiaries." The Beneficiaries assert that the circuit court erred in dismissing Buccaneer for two alternative reasons, either of which they contend is sufficient to demonstrate the court's error. First, they contend that the corporation was properly served within 120 days of the filing of the complaint. Alternatively, they contend that any defects in the method or timeliness of the service of process were waived when Buccaneer, through counsel, entered a general appearance in the suit.
¶ 3. Finding merit in the second assertion, we reverse and remand.

I.

Facts
¶ 4. The critical facts on which this appeal turns involve procedural matters unaffected by any potential disputes concerning the underlying facts of the Beneficiaries' claims. These pivotal facts relating to procedure appear in the record and are not in dispute. As a result, the disputed issues on appeal strictly involve questions of law and we review issues of law decided by the trial court on a de novo basis. Bailey v. Al-Mefty, 807 So.2d 1203, 1205(¶ 8) (Miss.2001).
¶ 5. This suit was originally filed on April 21, 1998, naming Buccaneer Inc. as the sole defendant. The complaint asserted that Buccaneer was a Mississippi corporation and that its registered agent for service of process was Lucien Gex, whose office was at 700 Highway 90, Waveland, Mississippi. A summons was issued for Buccaneer to be served on Gex. The return on the summons indicates that the summons and complaint were served, not on Gex personally, but on another individual named Ronnie Artigues, who was apparently physically present in Gex's office when the process server arrived. Counsel for the Beneficiaries further certified in the court record that he had mailed a copy of the summons and complaint to Gex "pursuant to Rule 4(d)(1)(B) of the Mississippi Rules of Civil Procedure." Copies of records from the Mississippi Secretary of State's Office filed in the record of this cause indicate, however, that Gex had formally resigned as agent for process for Buccaneer prior to these attempts to serve him in his capacity as agent for the corporation.
¶ 6. On June 22, 1998, the Beneficiaries filed an amended complaint in which it was alleged that Norbert W. Kohnke had bought Buccaneer and that the corporation had been administratively dissolved on November 17, 1997. The complaint asserted that "such purchase carries with it not *212 only the assets, but also the liabilities of the corporation ...." and that Kohnke, as the successor in interest to the dissolved corporation, was personally liable on the claim.
¶ 7. Kohnke was served with a summons and filed an answer and counterclaim on July 31, 1998. The record does not reveal any further effort to serve Buccaneer; however, on April 9, 1999, Attorney Patrick H. Zachary filed an entry of appearance in the cause, the text of which we quote in full:
Comes now the undersigned, Patrick H. Zachary, of the firm of Zachary & Leggett, PLLC, and hereby enters his appearance as counsel for Buccaneer, Inc.
¶ 8. It is perhaps helpful to observe at this point that, though Buccaneer had been administratively dissolved (apparently for failing to file the required annual reports with the Secretary of State) and that such administrative dissolution had occurred prior to the filing of this suit, the corporation was nevertheless amenable to suit under authority of Section 79-4-14.05 of the Mississippi Code. Miss.Code Ann. § 79-4-14.05(b)(5) (Rev.2001). The importance of obtaining jurisdiction over this corporation, though administratively dissolved and apparently bereft of any assets by virtue of its earlier conveyance to Kohnke, appears to arise out of the possible existence of liability insurance that may have been in force on the day that Lennie Schustz drowned.
¶ 9. The next activity in the record involving Buccaneer did not occur until May 30, 2000, when counsel for the Beneficiaries filed a motion for default judgment alleging that Zachary had made a general appearance on behalf of Buccaneer and that Buccaneer's subsequent failure to answer or otherwise defend the suit for a period in excess of twelve months constituted an act of default. Apparently there was no subsequent effort by the Beneficiaries to bring this motion on for hearing. On January 3, 2001over twenty months after counsel appeared in this action on its behalfBuccaneer finally filed a motion styled "Defendant's Motion to Dismiss or in the Alternative for Summary Judgment." In that motion, Buccaneer asserted that it had not been properly served within 120 days of the filing of the complaint against it and that no good cause existed for this failure to timely serve the corporation. For that reason, Buccaneer urged that the complaint should be dismissed under Mississippi Rule of Civil Procedure 4(h).
¶ 10. The Beneficiaries' response to this motion focused on the proposition that Zachary's appearance was a general appearance on behalf of Buccaneer, which waived any defects in service on the corporation.
¶ 11. The trial court, in a brief order, found that dismissal of Buccaneer without prejudice under Rule 4(h) was appropriate.

II.

Discussion
¶ 12. We may summarily resolve the contention that Buccaneer was properly served within 120 days of the filing of the complaint. The only attempted service during that periodor everwas an effort to serve an agent for process who had formally resigned in accordance with the applicable statutes and had ensured that his resignation had been properly noted in the appropriate public records maintained by the Secretary of State. While it is true that Buccaneer did not, as it should have done, proceed to name a new agent for process on Gex's resignation, there is no requirement in the law that the former agent must continue to serve until a suitable *213 replacement is properly appointed. There are several alternate methods of serving process on a corporation besides service on the registered agent, all of which were available to the Beneficiaries, but none of them were attempted, even after Gex had taken steps to ensure that the Beneficiaries were aware that he was no longer acting as agent for process for the corporation.
¶ 13. The conclusion that Buccaneer was not properly served with process leaves us to deal with the Beneficiaries' alternate claim that counsel for Buccaneer's voluntary appearance constituted a general appearance that acted as a waiver of any previously-existing problems with the form or method of service.
¶ 14. A voluntary entry of appearance by a defendant no longer serves as a waiver of that defendant's right to subsequently contest the court's in personam jurisdiction arising from an alleged defect in the manner in which the defendant was served with process. See Rains v. Gardner, 731 So.2d 1192, 1194-97 (¶¶ 9-17) (Miss.1999). Thus, earlier disputes over whether an appearance was a general appearance or a special appearance for the limited purpose of contesting the court's jurisdiction (or, in Mississippi at least, whether there was even such a thing as a limited appearance; see Turner v. Williams, 162 Miss. 258, 139 So. 606 (1932)) have become moot.
¶ 15. Despite this change that has grown out of the adoption of rules of procedure that mirror the Federal Rules of Civil Procedure, the right to contest the court's jurisdiction based on some perceived problem with service may yet be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity. Young v. Huron Smith Oil Co., Inc., 564 So.2d 36, 38-39 (Miss.1990). Thus, a defendant appearing and filing an answer or otherwise proceeding to defend the case on the merits in some waysuch as participating in hearings or discoverymay not subsequently attempt to assert jurisdictional questions based on claims of defects in service of process. See Brown v. Brown, 493 So.2d 961, 963 (Miss.1986).
¶ 16. The written entry of appearance itself is not considered a responsive pleading for these purposes. Therefore, that document standing alone does not effect a waiver of the right to contest in personam jurisdiction based on a challenge to the process. Marcial Vein SA v. SS Galicia, 723 F.2d 994, 997 (1st Cir. 1983). However, case law makes it clear that the challenge must be asserted by motion or otherwise at the first opportunity after the appearance or it is deemed waived. Young, 564 So.2d at 38-39. The issue presented in this case and not answered by previous Mississippi decisions, is whether the concepts of "first opportunity" and "timely" have a temporal component or whether they mean nothing more than that the claim was asserted before other pleadings have been filed or actions inconsistent with an assertion of lack of jurisdiction have occurred. In other words, the issue can be framed as whether (a) a voluntary appearance followed by (b) a prolonged failure to affirmatively challenge the validity of the service may, in combination, constitute a waiver of the right to contest in personam jurisdiction in the same way that a subsequent affirmative act to defend on the merits without first challenging the court's jurisdiction is deemed a waiver of the jurisdiction issue.
¶ 17. In this case, there was, beyond question, an extended period of inactivity after counsel's appearance for Buccaneer before any overt attempt was made to resolve Buccaneer's status as a party defendant to the action. Buccaneer contends that it had no duty to proceed affirmatively *214 because it had not been properly served. This position does not find support in case law from other jurisdictions that have faced similar situations. Rather, those cases seem to suggest rather plainly an obligation on a (possible) party to resolve any available challenges to the court's in personam jurisdiction in a timely manner. For example, in Emerson v. National Cylinder Gas Co., 131 F.Supp. 299 (Mass.Dist. Ct.1955), counsel entered an appearance "for the defendants." That entry was deemed to have included a named partnership defendant even though the partnership had, admittedly, not been served with a summons and copy of the complaint. The appearance was made in early December 1954 and counsel agreed to an extension of the time to answer or otherwise plead until January 7, 1955. No motion or answer containing a contest to the court's jurisdiction over the partnership was filed until April 1955, when plaintiffs moved for default against the partnership based on its voluntary appearance and failure to offer any sort of defense. The partnership at that point sought to raise the issue of lack of service. However, the court denied relief on that basisnot solely because of counsel's appearancebut on the combined fact of counsel's appearance and the defendant's failure to promptly pursue its claim that the court lacked personal jurisdiction over it. In part, the court said:
"Under Rule 12, a general appearance will not prevent a subsequent contest of the court's jurisdiction over the person. However, that contest must be timely. When [the partnership] failed to answer or otherwise plead on January 7th, the general appearance stood...."
Emerson, 131 F.Supp. at 301 (emphasis supplied).
¶ 18. Similarly, in Marcial, the First Circuit said as follows:
Furthermore, it is well settled that a general appearance by a defendant does not constitute a waiver of the defense of lack of jurisdiction over the person. However, if defendant appears, a subsequent contest of the court's jurisdiction over the person must be timely. Otherwise, the movant would be guilty of laches.
Marcial, 723 F.2d at 997 (citations omitted). The court went on to say that "[t]o hold that the privilege of lack of personal jurisdiction may be retained by an appearing defendant for as long as he does not file a pre-answer motion or responsive pleading would be subversive of orderly procedure and make for harmful delay and confusion." Id. at 997 (internal quotation marks omitted).
¶ 19. A widely-respected and oft-quoted work on federal procedure has this to say on the subject:
The elimination of the former distinction between special and general appearance does not mean that a litigant is protected against loss of his personal jurisdiction, venue, and service of process defenses under all circumstances. If defendant appears in the action, he must interpose any of these objections he may have by motion or in his answer or they will be deemed waived by virtue of Rule 12(h)(1). In addition, he should act in timely fashion lest the court consider his conduct sufficiently dilatory or inconsistent with the later assertion of one of these defenses to justify declaring a waiver.

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (2d ed.1990) (emphasis supplied).
¶ 20. In this case, we conclude that Buccaneer's delay in contesting the court's in personam jurisdiction over it for a period in excess of twelve months after having appeared in the action through counsel was untimely. For that reason, the appearance and lengthy ensuing period *215 of inactivity, acting in conjunction, constituted a waiver of any defects in the form or manner of service.
¶ 21. We conclude that the trial court had jurisdiction over Buccaneer when the corporation finally proceeded to file a motion to test that jurisdiction. The trial court erred, therefore, in dismissing Buccaneer as a party. We conclude that we must reverse the court's decision and find that Buccaneer remains properly before the court as a party defendant. We remand for proceedings consistent with the terms of this opinion.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY DISMISSING THE DEFENDANT, BUCCANEER, INC., AS A DEFENDANT IS REVERSED AND THIS CAUSE IS REMANDED TO THE CIRCUIT COURT FOR SUCH FURTHER PROCEEDINGS AS ARE CONSISTENT WITH THE TERMS OF THIS OPINION. COSTS OF APPEAL ARE ASSESSED TO THE APPELLEES.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., Concur. GRIFFIS, J., Not Participating.