# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00526-COA

**S&M TRUCKING, LLC**                                                                          **APPELLANT**

**v.**

**ROGERS OIL COMPANY OF COLUMBIA, INC.**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/20/2015 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANIEL MYERS WAIDE |
| ATTORNEY FOR APPELLEE: | BENJAMIN ALAN SNOW |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT |
| DISPOSITION: | REVERSED AND REMANDED - 06/07/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., FAIR AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.     Rogers Oil Company of Columbia Inc. (Rogers Oil) filed suit against S&M Trucking LLC (S&M) in circuit court to collect an alleged debt. After it was unable to serve S&M's agent or either of its members, Rogers Oil attempted service through the Secretary of State pursuant to Mississippi Code Annotated section 79-35-13(b) (Rev. 2013). S&M did not answer within thirty days, and Rogers Oil then obtained a default judgment. When S&M later learned of the default judgment, it moved to set it aside, arguing that it was void due to improper service of process. The circuit court denied S&M's motion, and S&M appealed. We agree with S&M that, on the facts of this case, service pursuant to section 79-35-13(b)

was improper and that the default judgment was void and must be set aside for that reason. Accordingly, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2.     Rogers Oil sells fuel. It is headquartered in Columbia (Marion County). S&M is a small trucking company organized as a limited liability company. It has two members, Stephanie and Michael Lee, who are married. S&M was a customer of Rogers Oil.

¶3.     On May 21, 2013, Rogers Oil filed a complaint against S&M in the Marion County Circuit Court. Rogers Oil alleged that it had furnished S&M goods and services on an open account and that S&M had failed to pay a balance due of $23,258.48. The complaint sought to recover that amount and attorney's fees of $5,645.26. The complaint alleged that S&M's principal place of business was at 902 Longwood Place in Clinton and that it could be served through its registered agent, Cheryl Green, at 824 McCluer Road in Jackson.

¶4.     The circuit clerk issued a summons to counsel for Rogers Oil that same day directed to "S&M Trucking, LLC c/o Cheryl Green, registered agent," at 824 McCluer Road in Jackson. The record includes a proof of service form that was executed by process server Gary Windham on June 5, 2013, and filed with the court on February 28, 2014. Windham was unable to serve Green, but he did not check the line for "UNABLE TO SERVE"; instead, he handwrote on the form, "Vanessa Buckley lives here now."

¶5.     On June 10, 2013, the clerk issued an "alias summons" to counsel for Rogers Oil directed to "S&M Trucking, LLC c/o Michael Lee, member, or any other member or officer" at 902 Longwood Place in Clinton. On July 22, 2013, Rogers Oil filed a proof of service

2

executed by Windham on July 16, 2013, that indicated that he was unable to serve Stephanie Lee with the summons.

¶6. On September 18, 2013, the court entered an order extending the time to serve S&M for 180 additional days. The record does not reflect that Rogers Oil filed any motion setting forth its efforts to effect service or why the extension should be granted. On December 3, 2013, Rogers Oil filed another proof of service indicating that Windham was again unable to serve S&M with the alias summons.

¶7. Rogers Oil subsequently filed an affidavit from Chris Walker of the Barnett Group, a private investigations firm. According to Walker, he was hired "after service of process through a standard process server [(i.e., Windham)] was unsuccessful." Regarding his own efforts to effect service, Walker stated, in full, as follows: "That after several months of continued pursuit of the registered agent or any other officer of S&M Trucking, LLC (Michael Lee and Stephanie Lee), the Barnett Group has been unable to serve process on any individual with requisite authority to accept process on behalf of S&M Trucking, LLC."

¶8. Months later, Rogers Oil filed an invoice from the Barnett Group that purportedly reflects Walker's efforts to serve S&M. However, the invoice was not explained or verified by any affidavit. Rather, it was simply attached as an exhibit to a response to a motion. In any event, the invoice indicates that in December 2013 and January 2014, Walker went to the Lees' Longwood Place address four times; went to other unspecified addresses associated with the Lees on two occasions; went to Michael Lee's parents' home and "[c]anvass[ed] the area and talk[ed] with neighbors"; and performed unspecified "online research" and research

3

into marriage and divorce records. The invoice also reflects "[p]hone calls made to Michael Lee" in February 2014, but it does not indicate the result of the calls.

¶9. On February 28, 2014, the clerk issued an alias summons to counsel for Rogers Oil directed to "S&M Trucking, LLC c/o Delbert Hosemann, Secretary of State." On March 6, 2014, the Secretary of State sent the complaint and summons to S&M by certified mail at 824 McCluer Road. The Secretary of State's cover letter incorrectly shows the address as being in Clinton with a Clinton zip code. On the return receipt, "Clinton" and the Clinton zip code are scratched through and "Jackson" is handwritten in underneath with no zip code. The complaint and summons were returned to the Secretary of State unclaimed. The record does not reflect who made the handwritten changes.

¶10. On April 7, 2014, Rogers Oil filed an application for entry of a default against S&M. The clerk entered the default the same day. The same day, Rogers Oil also filed a motion for a default judgment in the amount of $28,903.74, consisting of the alleged debt of $23,258.48 and attorney's fees of $5,645.26. The same day, the court entered an order granting a default judgment in that amount[1] plus eight percent post-judgment interest.

¶11. On August 5, 2014, Rogers Oil filed a motion for a judgment debtor examination. The motion alleged that S&M had not paid the default judgment and requested an order compelling a representative of S&M to appear for an examination and produce documents such as bank statements and tax returns. Two days later, the court granted Rogers Oil's

---

[1] In the judgment, the amount of attorney's fees requested is struck through, and $4,950 is handwritten in its place; however, the judgment is for the total amount requested in Rogers Oil's motion.

motion and set October 21, 2014, as the date for the judgment debtor exam. The order also directed the clerk to issue a citation "directing and commanding the representative of S&M" to appear and produce documents. Only eight days later—on August 15, 2015—Rogers Oil personally served Stephanie Lee with the citation to appear at the judgment debtor exam.

¶12.    The court subsequently entered an agreed order continuing the judgment debtor exam to November 10, 2014. The order also reflected that S&M's attorney was thereby entering an appearance in the case.

¶13.    On November 25, 2014, S&M filed a motion to set aside the default judgment under Mississippi Rule of Civil Procedure 60(b). S&M argued that the judgment was void because it was never served with process. S&M also argued that the judgment was void for lack of jurisdiction because venue was not proper in Marion County.[2]  S&M attached a proposed answer to its motion. In its answer, S&M alleged that it was administratively dissolved and that Green no longer resided in Mississippi. S&M admitted that it had purchased fuel from Rogers Oil's fuel station in Covington County, but it denied that it owed any debt.

¶14.    In response, Rogers Oil argued that S&M's motion to set aside the default judgment was untimely under Rule 60(b); that S&M had waived any argument based on improper venue or insufficient service; that the judgment was not void; that service through the Secretary of State was proper pursuant to section 79-35-13(b); that venue was proper; and

---

[2] S&M argued that Marion County (Rogers Oil's home county) was not a proper venue—and that the circuit court lacked jurisdiction—because S&M resided in Hinds County and only purchased fuel from Rogers Oil at its service station in Covington County. *See generally Gillard v. Great S. Mortg. & Loan Corp.*, 354 So. 2d 794 (Miss. 1978); *Bryant v. Lovitt*, 231 Miss. 736, 97 So. 2d 730 (1957).

that the court had jurisdiction over the case. Rogers Oil also filed a motion for a writ of execution against S&M's property, including its two trucks.

¶15. On February 25, 2012, the circuit court denied S&M's motion to set aside the default judgment. The court found that S&M "was adequately and properly served with process according to law"; that the court had jurisdiction over the parties and subject matter; and that S&M's Rule 60(b) motion was untimely. In the same order, the court denied Rogers Oil's motion for a writ of execution. S&M then filed a timely notice of appeal.

## DISCUSSION

¶16. "[T]he grant or denial of a 60(b) motion is generally within the lower court's discretion, unless the judgment in question is deemed to be void." *Evans v. Oberon Holding Corp.*, 729 So. 2d 825, 827 (¶5) (Miss. Ct. App. 1998) (citing *Sartain v. White*, 588 So. 2d 204, 211 (Miss. 1991)). "If a default judgment is void, the trial court has no discretion and must set the judgment aside." *McCain v. Dauzat*, 791 So. 2d 839, 842 (¶7) (Miss. 2001). In the absence of "proper service of process," the court lacks jurisdiction, so any default judgment that it enters is void. *Id.*; *accord Evans*, 729 So. 2d at 827-28 (¶¶5-9). "Sufficiency of service of process is a jurisdictional issue, which is reviewed de novo." *BB Buggies Inc. v. Leon*, 150 So. 3d 90, 95 (¶6) (Miss. 2014).

¶17. A motion to set aside a default judgment as void due to improper service of process is governed by Mississippi Rule of Civil Procedure 60(b)(4).[3] *See Evans*, 729 So. 2d at 827

---

[3] A default judgment may also be set aside under Rule 60(b)(2), but such a motion must be filed within six months of the judgment. M.R.C.P. 60(b) & advisory committee's note. S&M's motion was filed more than seven months after the judgment.

6

(¶5). The first three subsections of Rule 60(b) require that a motion to set aside a judgment be filed not later than six months after the judgment is entered, but subsection (4) has no such time limit. *Overbey v. Murray*, 569 So. 2d 303, 306 (Miss. 1990). Moreover, although Rule 60(b) indicates that such a motion should be filed "within a reasonable time," our "[Supreme] Court previously has recognized that, essentially, there can be no time limitation for relief from a void judgment as 'no amount of time or delay may cure a void judgment.'" *O'Neal v. O'Neal*, 17 So. 3d 572, 575 (¶14) (Miss. 2009) (quoting *Kirk v. Pope*, 973 So. 2d 981, 988 (¶19) (Miss. 2007); *Overbey*, 569 So. 2d at 306); *accord*, *e.g.*, *Ravenstein v. Ravenstein*, 167 So. 3d 210, 216-17 (¶12) (Miss. 2014) ("[T]here is no effective time limit for seeking relief from a void judgment under Rule 60(b)(4)[.]").

¶18. As discussed above, Rogers Oil contends that it properly served S&M through the Secretary of State pursuant to section 79-35-13(b), which provides in relevant part:

> If an entity that previously filed a registered agent filing with the Secretary of State no longer has a registered agent, or if its registered agent cannot with reasonable diligence be served, the governors of the entity will be treated as the entity's agent for service of process who may be served pursuant to the provisions of the Mississippi Rules of Civil Procedure. . . . If the governors of the entity cannot with reasonable diligence be served, service of process against the entity shall be upon the Secretary of State in accordance with the Mississippi Rules of Civil Procedure.

In response, S&M argues, among other things, that Rogers Oil failed to establish that it exercised "reasonable diligence" in its efforts to serve S&M's "governors," i.e., Stephanie and Michael Lee.

¶19. As noted above, the record contains two proofs of service indicating that the original process server, Windham, attempted to serve the Lees but was unable to do so. There is no

7

further affidavit from Windham describing his efforts. Walker avers that he was unable to serve the Lees despite "several months of continued pursuit." However, Walker's affidavit is conclusory and devoid of factual support. The Barnett Group's invoice—if we credit it, even though it is not verified or otherwise supported—adds little. As described above, for the period of December 2013 to January 2014, it appears to reflect four trips to the Lees' home, three trips to other unspecified addresses possibly associated with them, and internet and public records research. It also indicates that phone calls to Michael Lee were attempted in February 2014. While the invoice suggests some efforts at service, without competent evidence to explain it, it is entitled to little, if any, weight. Michael and Stephanie Lee are the sole members of a trucking business, and the Longwood Place address is both their home and their business address. All we know is that Windham and Walker went by their house several times and found no one home. Without knowing more, that is hardly surprising. Nor, in and of itself, does it establish reasonable diligence.

¶20.    S&M also points out that Rogers Oil never attempted service via the simple method of first-class mail. Under Mississippi Rule of Civil Procedure 4(c)(3), a complaint and summons may be served on certain types of defendants, including domestic LLCs,[4] by first-class mail together with a request that the defendant acknowledge service. The defendant is not required to acknowledge and accept service by mail, but if he fails to do so without

_____

[4] Rule 4(c)(3) applies to defendants covered by Rule 4(d)(4), which includes, inter alia, "a domestic or foreign . . . unincorporated association which is subject to suit under a common name." M.R.C.P. 4(d)(4). "The Legislature has specifically defined a limited liability company as an *unincorporated* association." *Champluvier v. State*, 942 So. 2d 145, 153 n.9 (Miss. 2006) (citing Miss. Code Ann. § 79-23-103(j) (Rev. 2001), now codified as amended at Miss. Code Ann. § 79-29-105(o) (Rev. 2013)).

8

"good cause," he will be required to pay the cost of personal service. M.R.C. P. 4(c)(3)(C). We tend to agree with S&M that "reasonable diligence" would have included at least an attempt at this straightforward method of service.

¶21.    In this case, Rogers Oil presented no evidence that the Lees ever attempted to evade service—only that no one was home on several occasions when, at unspecified times of day, a process server went to the Lees' house. *Compare Siemens Fin. Servs. v. Delta Radiology Assocs. PLLC*, No. 14-00225-KD-N, 2015 WL 2079246, at *4 (S.D. Ala. May 4, 2015) (finding that service through the Secretary of State pursuant to section 79-35-13(b) was proper "based on [the] defendants' apparent avoidance of service"); *Holmes v. All Am. Check Cashing Inc.*, No. 2:11CV007, 2015 WL 1166629, at *2 & n.1 (N.D. Miss. Mar. 13, 2015) (suggesting that service pursuant to section 79-35-13(b) would be proper because, "[b]ased on the facts presented, it appears to the court that Defendant has been successful in evading . . . service of process despite Plaintiff's reasonable diligence"). We also note that Rogers Oil apparently had no difficulty finding and serving Stephanie Lee with process once it desired a judgment debtor exam. Only eight days after the court granted Rogers Oil's motion for the exam, Rogers Oil found Stephanie Lee at her home in Clinton. Thus, in summary, Rogers Oil never attempted to serve the Lees by mail and presented only conclusory claims of diligence unsupported by specific facts. On this record, we are unable to conclude that Rogers Oil met its burden of proving "reasonable diligence" to serve the Lees. Accordingly, service through the Secretary of State pursuant to section 79-35-13(b) was not proper.

¶22.    Rogers Oil also argues, in the alternative, that S&M waived any objection to the

sufficiency of service. Specifically, Rogers Oil contends: "S&M entered its appearance on November 6, 2014, participated in a Judgment Debtor Exam on November 10, 2014, and didn't raise any objection to . . . service of process . . . until November 25, 2014 when it filed its Motion to Set Aside Default Judgment." S&M initially responds that Rogers Oil waived its waiver argument by failing to raise the issue in the circuit court. In the circuit court, Rogers Oil argued that S&M's motion to set aside the default judgment was untimely and that S&M waived any deficiency in service when it failed to file an answer, but S&M is correct that Rogers Oil did not rely specifically on S&M's attorney's entry of appearance or participation in the judgment debtor exam. However, we need not decide whether Rogers Oil waived its waiver argument because the argument itself lacks merit.

¶23. To begin with, the law is clear that S&M did not waive its objection to improper service merely by entering an appearance through counsel. "A voluntary entry of appearance by a defendant no longer serves as a waiver of that defendant's right to subsequently contest the court's in personam jurisdiction arising from an alleged defect in the manner in which the defendant was served with process." *Schustz v. Buccaneer Inc.*, 850 So. 2d 209, 213 (¶14) (Miss. Ct. App. 2003) (citing *Rains v. Gardner*, 731 So. 2d 1192, 1194-97 (¶¶9-17) (Miss. 1999)). "Thus, earlier disputes over whether an appearance was a general appearance or a special appearance for the limited purpose of contesting the court's jurisdiction (or, in Mississippi at least, whether there was even such a thing as a limited appearance) have become moot." *Id.* (internal citations omitted). Thus, standing alone, S&M's entry of appearance on November 6, 2014, is of no legal significance.

¶24. The remaining issue is whether S&M waived its right to contest the sufficiency of service by participating in a judgment debtor exam on November 10, 2014, prior to filing its motion to set aside the default judgment fifteen days later. Although the record does not disclose what occurred at the judgment debtor exam, S&M's mere participation in that exam did not waive its right to contest service of process. We have explained that "the right to contest the court's jurisdiction based on some perceived problem with service may yet be lost after making an appearance in the case if the issues related to jurisdiction are not raised at the first opportunity." *Id.* at (¶15) (citing *Young v. Huron Smith Oil Co.*, 564 So. 2d 36, 38-39 (Miss. 1990)). "Thus, a defendant appearing *and filing an answer or otherwise proceeding to defend the case on the merits in some way*—such as participating in hearings or discovery—may not subsequently attempt to assert jurisdictional questions based on claims of defects in service of process." *Id.* (emphasis added). That is, as our Supreme Court has put it, the defendant's "*first defensive move*" must put the plaintiff "on notice" that the defendant will "pursue dismissal based on insufficiency of service of process." *Burleson v. Lathem*, 968 So. 2d 930, 935 (¶13) (Miss. 2007) (emphasis added) (citing *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983)).

¶25. Here, in its first defensive move, S&M moved to set aside the default judgment due to insufficient service of process. Its participation in the judgment debtor exam—whatever that amounted to—did not waive its objection to improper service because it was not "defend[ing] the case on the merits" by appearing at the exam. *Schustz*, 850 So. 2d at 213 (¶15). The exam did not involve the "merits" of the case but only Rogers Oil's efforts to

11

collect on the default judgment. S&M then promptly raised the issue of insufficient service of process in its motion to set aside the default judgment only nineteen days after entering an initial appearance. *See id.* at 213-15 (¶¶16-20) (holding that the obligation to object to the sufficiency of service at the "first opportunity" has a "temporal component" so that "(a) a voluntary appearance followed by (b) a prolonged failure to affirmatively challenge the validity of the service may, in combination, constitute a waiver"). Accordingly, we reject Rogers Oil's argument that S&M waived its objection to improper service.[5]

**CONCLUSION**

¶26.    The facts in the record do not demonstrate that Rogers Oil exercised reasonable diligence in attempting to serve S&M's members, Michael and Stephanie Lee, prior to attempting service through the Secretary of State pursuant to Mississippi Code Annotated section 79-35-13(b). Because service was improper, the subsequent default judgment is void. Accordingly, we reverse and remand for further proceedings.

¶27.    **THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR AND GREENLEE, JJ., CONCUR.   JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.  CARLTON, J., NOT PARTICIPATING.**

---

[5] Because we conclude that the judgment is void due to improper service, we need not address S&M's "venue jurisdiction" argument. *See supra* n.2.