# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-SA-00605-COA

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES**                                    **APPELLANT**

**v.**

**METTRO JOHNSON**                                                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/19/2022 |
| TRIAL JUDGE: | HON. WATOSA MARSHALL SANDERS |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | ALLYSON LEWIS BROCK |
| | BRANDY NICOLE BURNETTE |
| ATTORNEY FOR APPELLEE: | CHERYL ANN WEBSTER |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 12/12/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**SMITH, J., FOR THE COURT:**

¶1. On November 19, 2021, Mettro Johnson filed a motion in the Coahoma County Chancery Court pursuant to Rule 60(b)(4) of the Mississippi Rules of Civil Procedure. Johnson's motion asked the court to set aside an order entered in favor of the Mississippi Department of Human Services (MDHS) determining paternity and ordering Johnson to pay child support. The chancery court granted Johnson's motion, finding the 2002 order was void for lack of personal jurisdiction due to MDHS failing to effect proper service pursuant to Rule 81(d) of the Mississippi Rules of Civil Procedure. Although MDHS admits to falling short of the time requirements for a Rule 81 summons, MDHS appeals the chancellor's decision and argues that Johnson was time-barred from relief due to the doctrine of laches,

judicial estoppel, unjust enrichment, and public policy. Johnson made no appearance and was not present at the hearing to determine paternity and child support and further did not file an answer or defend the merits of this case until his Rule 60(b)(4) motion. We find the 2002 order against Johnson is void for insufficient service of process and therefore affirm the chancery court's judgment setting it aside.

## FACTS AND PROCEDURAL HISTORY

¶2.    On January 3, 2002, MDHS filed a complaint to determine paternity and for other relief, including child support, against Johnson in the Coahoma County Chancery Court. A Mississippi Rule of Civil Procedure 81(d) summons and subpoena duces tecum were issued by the chancery court to Johnson and filed on January 3, 2002. The documents stated that Johnson was to appear at the chancery court on February 19, 2002, for a scheduled hearing on MDHS's complaint. The parties agree that the summons was not served on Johnson until January 21, 2002, by the Coahoma County Sheriff's Department twenty-nine days prior to the hearing. The parties also agree that the service of the summons therefore fell one day short of the thirty-day notice requirement for this type of hearing pursuant to Rule 81.

¶3.    The chancery court conducted a hearing on MDHS's complaint on February 19, 2002. Johnson did not appear at the date, time, and location described in the Rule 81(d) summons. The court ultimately granted the relief requested and executed an order on June 18, 2002, establishing paternity and awarding child support against Johnson. The order was filed on October 11, 2002. The chancery court ordered Johnson to pay child support for two children in the amount of $285 per month. Additionally, the court entered a separate order for income

2

withholding against Johnson to collect the child support. MDHS subsequently issued delinquency notices to four different employers of Johnson during 2002 and 2003 and attached copies of the wage withholding orders. Johnson's nonpayment continued through 2003, and his arrears balance increased. In October 2003, Johnson's driver's license was suspended due to his delinquency in paying child support as ordered.

¶4.     Upon receiving notice of the suspension, Johnson appeared at his local MDHS office and signed a "Stipulated Agreement of Support and Payment Schedule for Delinquent Child Support" on October 28, 2003. This document stated that Johnson agreed he was presently in arrears for child support as of the date the document was executed. The chancery court entered a judgment approving the 2003 stipulated agreement and entered a new order for withholding on February 3, 2004.

¶5.     Johnson later became incarcerated in Arkansas. According to MDHS records, MDHS did not become aware of Johnson's incarceration until approximately 2012. A significant time later, in 2020 while Johnson was still incarcerated, MDHS implemented a new policy regarding case reviews for suspensions of current child support obligations owed by incarcerated noncustodial parents. Due to this new policy, MDHS contacted Johnson in 2020 and asked if he would like his child support obligation reviewed for possible suspension. Johnson responded with a letter dated June 26, 2020, stating that he believed he was current on his child support obligation up to his incarceration in February 2004. His letter also asked for assistance in suspending his child support obligation and reducing his arrears based on his inability to pay during his period of incarceration.

3

¶6. MDHS and Johnson subsequently executed a form document entitled "Stipulated Agreement to Suspend Child Support" on August 11, 2020, while Johnson was still incarcerated. This "Agreement" asked the chancery court to end Johnson's child support obligation until he was released from prison and provided an updated balance of arrears. MDHS filed the 2020 Agreement and presented it to the chancery court, which the court approved.

¶7. Johnson was released from incarceration in July 2021. He then filed a pro se petition to suspend or reduce his child support obligation, which substantively consisted of his two-sentence handwritten request that stated, "I am requesting an amendment of the court order because I was a ward of the state of Arkansas myself from Feb. 2004–May so if possible I was just trying to get relief for the time that I was incarcerated for those 17 years straight." The hearing on his petition was continued twice by the chancery court. Johnson subsequently obtained counsel, and on November 19, 2021, his counsel filed a Rule 60(b)(4) motion to declare the October 11, 2002 paternity and support order void and to set it aside, as MDHS had served Johnson one day short of the thirty-day notice requirement.

¶8. The chancery court heard arguments from both parties and ultimately found that the 2002 paternity and support order was void for lacking proper service of process and that it should be set aside. Initially, the court entered a judgment of dismissal on February 8, 2022. MDHS filed a motion for a new trial or, in the alternative, to amend the judgment, urging the chancery court to reconsider the decision or correct the styling of its judgment from a dismissal to a judgment setting aside a void judgment, as Johnson had actually pled. On April

4, 2022, the chancery court entered an order denying MDHS's request for a new trial but granted the request to modify the order from a dismissal to an order setting aside the 2002 order. Johnson then filed a motion to reconsider this order, claiming MDHS was taking a second and third bite of the apple and asking the court to reconsider the request to correct its order from a dismissal to an order setting aside the judgment. His motion also requested the court to hold MDHS in contempt for failing to follow the court's April 2022 order. On May 19, 2022, the chancery court entered its final order on Johnson's motion to reconsider and denied his request to dismiss the action rather than set aside the judgment, but the court granted Johnson's request to hold MDHS in contempt. The court's order gave MDHS ten days to return the amount previously collected to Johnson. Aggrieved, MDHS appeals.

## STANDARD OF REVIEW

¶9.     "Appellate review of Rule 60(b) motions is limited." *Pride v. Pride*, 154 So. 3d 70, 74 (¶6) (Miss. Ct. App. 2014) (quoting *Harvey v. Stone Cnty. Sch. Dist.*, 982 So. 2d 463, 467 (¶8) (Miss. Ct. App. 2008)). The "chancellor's factual findings will not be reversed unless they are manifestly wrong or clearly erroneous." *In re Est. of Wylie*, 226 So. 3d 114, 117 (¶3) (Miss. Ct. App. 2017). "Under Mississippi law, the grant or denial of a Rule 60(b) motion is generally within the [chancery] court's discretion, unless the judgment in question is deemed to be void." *Sun S. LLC v. Bayou Vista LLC*, 281 So. 3d 980, 983 (¶8) (Miss. Ct. App. 2019) (quoting *Evans v. Oberon Holding Corp.*, 729 So. 2d 825, 827 (¶5) (Miss. Ct. App. 1998)). Where "a judgment is deemed to be void, the trial court has no discretion and must set the judgment aside." *Id*.

**DISCUSSION**

¶10. Mississippi Rule of Civil Procedure 60(b)(4) allows a party to seek relief from a final judgment or order if the judgment is void. This Court has explained,

> Rule 60(b)(4) regarding void judgments has no time limitation. Although Rule 60(b) indicates that such a motion should be filed 'within a reasonable time,' the 'Mississippi Supreme Court previously has recognized that, essentially, there can be no time limitation for relief from a void judgment as no amount of time or delay may cure a void judgment.'

*Id*. at 983 (¶10) (citation omitted) (quoting *O'Neal v. O'Neal*, 17 So. 3d 572, 575 (¶14) (Miss. 2009)). "[A] judgment is void 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Pritchard v. Pritchard*, 282 So. 3d 809, 816-17 (¶30) (Miss. Ct. App. 2019) (quoting *Morrison v. Miss. Dep't of Human Servs.*, 863 So. 2d 948, 952 (¶13) (Miss. 2004)). More specifically, "[f]or a judgment to be valid, the court must have personal jurisdiction over the parties to the action." *Richard v. Garma-Fernandez*, 121 So. 3d 929, 933 (¶20) (Miss. Ct. App. 2013) (quoting *James v. McMullen*, 733 So. 2d 358, 359 (¶3) (Miss. Ct. App. 1999)). As it pertains to the case before us, "for [the] judgment imposing a duty to pay child support to be valid, the issuing court must have jurisdiction over the person of the defendant." *Richardson v. Stogner*, 958 So. 2d 235, 238 (¶7) (Miss. Ct. App. 2007).

¶11. "Personal jurisdiction depends on the presence of reasonable notice to the defendant and a sufficient connection between the defendant and the forum." *Morrison*, 863 So. 2d at 953-54 (¶17). The chancery court "obtains personal jurisdiction over a defendant in one of two ways[:] . . . when a defendant is properly served the summons and complaint" or "when

6

a defendant voluntarily enters an appearance." *Richard*, 121 So. 3d at 933 (¶21). "Where service of process is not properly complete, the court does not have personal jurisdiction[.]" *Sun*, 281 So. 3d at 983 (¶9).

¶12.    "Sufficiency of service of process is a jurisdictional issue which is reviewed de novo." *Id*. (quoting *S & M Trucking LLC v. Rogers Oil Co. of Columbia Inc.*, 195 So. 3d 217, 221 (¶16) (Miss. Ct. App. 2016)). Mississippi Rule of Civil Procedure 81(d) applies to paternity and child support actions and holds that such "actions and matters shall be triable 30 days after completion of service of process." M.R.C.P. 81. "A Rule 81 summons assists in providing a party due process because it 'sets a time and place for a hearing in court concerning the matters set out in the complaint.'" *Harrison v. Howard*, 356 So. 3d 1232, 1241 (¶25) (Miss. Ct. App. 2023) (quoting *Powell v. Powell*, 644 So. 2d 269, 273 (Miss. 1994)).

¶13.    Here, both sides agree and the record confirms that only twenty-nine days elapsed between the date Johnson was served with the summons and the date the hearing on MDHS's paternity and child support motion was conducted. Rule 81(d) clearly and unequivocally mandates a period of thirty days must pass in order for the chancery court to obtain personal jurisdiction over the defendant. Because the period here was less than the required thirty days, service of process on Johnson had not reached proper completion before the court heard MDHS's action. Previously this Court has stated, "[W]hile we acknowledge that service under Rule 81 can be waived by an appearance at the hearing and the presentation of a defense on the merits, the relevant question should be whether the defendant 'appeared' and

7

defended the specific Rule 81 matter rather than some other issue in the underlying cause." *Wylie*, 226 So. 3d at 120 (¶14). The record shows it is undisputed that Johnson was not present or represented by any counsel at the 2002 hearing on MDHS's paternity and child support motion. Thus, the chancery court had not acquired personal jurisdiction over Johnson, by summons or appearance, at the critical time of litigation when the court decided the merits of the case and entered the paternity and child support judgment.

¶14. As previously noted, Johnson subsequently requested a reduction of the awarded amount and signed two documents of stipulations that MDHS later filed in the chancery court. Providing guidance on a factually similar issue, this Court stated in *Wylie*, "[W]aiver results unless 'the defendant's first defensive move' 'put the plaintiff on notice that the defendant will pursue dismissal based on insufficiency of process.' But we went on to explain that the 'first defensive move' means defending the case on the merits." *Id*. at 120 (¶15) (citation omitted) (quoting *S & M Trucking*, 195 So. 3d at 223 (¶24)). Crucially, neither Johnson's request for relief from the accrued amount of child support nor his prior stipulations were defenses on the merits of the 2002 paternity and child support judgment. Therefore, he did not waive his right to process, and the chancery court's 2002 judgment ordering Johnson to pay child support is a void judgment.

¶15. Finally, although they confess that the term "laches" was never specifically argued before the trial court, MDHS attempts to raise this argument on appeal along with other equitable doctrines of unjust enrichment and estoppel due to Johnson's length of delay in seeking relief from the judgment. However, "[t]he chancery court may only exercise its

authority to act equitably with regard to parties and matters over which it has properly acquired jurisdiction." *Hamm v. Hall*, 693 So. 2d 906, 911 (Miss. 1997). Further, "[b]ecause the rule explicitly removes delay as an obstacle to a jurisdictional defense, the doctrine of laches is inapplicable in this type of case." *Sun*, 281 So. 3d at 986 (¶17). Therefore, we find no error by the chancery court in granting the motion under Rule 60(b)(4) and setting aside the void 2002 paternity and support order.

## CONCLUSION

¶16. At the onset of this litigation, service of process on Johnson was never properly completed, as required for jurisdiction under Rule 81. MDHS raises no dispute that service of process on Johnson fell short of the time required by the Mississippi Rules of Civil Procedure. Because Johnson did not receive proper notice prior to the paternity and child support hearing, the 2002 judgment is void. We therefore affirm the chancery court's order setting aside the order.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR. GREENLEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WILSON, P.J., LAWRENCE AND EMFINGER, JJ.**

**GREENLEE, J., DISSENTING:**

¶18. In this case, Johnson was properly served by the Coahoma County sheriff on January 21, 2002, under Mississippi Rule of Civil Procedure 81. Service was complete on that day, and the Coahoma County Chancery Court gained personal jurisdiction over Johnson on that day.

¶19.   "Service of process is . . . the physical means by which [personal] jurisdiction is asserted." *Webster v. Fannings*, 311 So. 3d 1157, 1160 (¶7) (Miss. 2021). "The existence of personal jurisdiction . . . depends on the presence of reasonable notice to the defendant that an action has been brought." *Id.* Rule 81(d)(1) provides that paternity actions "shall be triable 30 days after completion of service of process . . . ." M.R.C.P. 81(d)(1). The rule itself implies that service is complete after a party receives his summons or the summons is published. A Rule 81 summons must provide the party with the date, time, and location for a hearing on the complaint. *Powell v. Powell*, 644 So. 2d 269, 273-74 (Miss. 1994).

¶20.   This particular set of facts is new to this Court. Two cases share similar facts but are still distinguishable. In *Garrison v. Courtney*, 304 So. 3d 1129 (Miss. Ct. App. 2020), the defendant Erick was served a Rule 81 summons six days before the scheduled hearing for a contempt motion rather than the required seven days. *Id.* at 1152 (¶83). The chancery court did not address the issue of jurisdiction because the court had continuing jurisdiction in the parties' pending divorce. *Id.* at 1153 (¶86). The chancery court's order of dismissal focused on the issue of improper notice, which this Court ultimately ruled was waived when Erick attended the hearing, allowed evidence to be presented, and failed to object to the lack of proper notice. *Id.* at (¶87). A similar situation arose in *Isom v. Jernigan*, 840 So. 2d 104 (Miss. 2003), when the defendant Kelly was served her Rule 81 summons six days before a scheduled hearing. *Id.* at 106 (¶8). Like in *Garrison*, the supreme court ruled that the Rule 81 requirements were waived because Kelly's attorney had attended the hearing and failed to object to the allegedly improper service. *Id.* at 107 (¶9). The issue of personal jurisdiction

was never analyzed in either case.

¶21. The chancery court here gained personal jurisdiction over Johnson when service was complete under Rule 81. Johnson's summons correctly ordered him to appear in the correct courtroom, at the correct time, and on the correct date. Nothing about the summons was wrong—only that it was served on Johnson a day late. This chancery court ruled that the original judgment was void due to "void service of process." It is true that a judgment may be void if the court "acted in a manner inconsistent with due process of law." *Morrison v. Miss. Dept. of Human Servs.*, 863 So. 2d 948, 952 (¶13) (Miss. 2004) (quoting *Miss. Dept. of Human Servs. v. Shelby*, 802 So. 2d 89, 96 (¶28) (Miss. 2001)). However, Johnson never argued the due process issue, relying instead on the claim that the court lacked personal jurisdiction. The court here erred in finding the judgment was void for lack of personal jurisdiction.

¶22. In addition, Johnson waived any defect in service of process or notice when he signed the 2002 stipulation acknowledging his child support obligations and agreeing to pay the outstanding arrears balances. By doing so, he assented to the prior judgment. "Any objection to service of process may be waived if a defendant appears in an action without raising the objections in the initial pleadings or attached motions." *Chasez v. Chasez*, 957 So. 2d 1031, 1037 (¶15) (Miss. Ct. App. 2007) (citing *Isom*, 840 So. 2d at 107 (¶9)). Johnson appeared in court to file this stipulation and then acknowledged the validity of the order in question without taking any action to attack it. The majority states that this was not a "defense on the merits" of the 2002 paternity and child support judgment and, therefore, not

a waiver. *See In re Est. of Wylie*, 226 So. 3d 114, 120 (¶14) (Miss. Ct. App. 2017). In other words, the majority states that had Johnson argued the amount of the arrears was incorrect, we could consider the stipulation as Johnson's "first defensive move" and could consider it a waiver. *See id*. at (¶15) ("[W]aiver results unless the defendant's first defensive move puts the plaintiff on notice that the defendant will pursue dismissal . . . ." (internal quotation marks omitted)); *S & M Trucking LLC v. Rogers Oil Co. of Columbia Inc.*, 195 So. 3d 217, 223 (¶24) (Miss. Ct. App. 2016) (quoting *Burleson v. Lathem*, 968 So. 2d 930, 935 (¶13) (Miss. 2007)).

¶23.     Although not explicitly challenging the merits of this case, Johnson's stipulation can be interpreted as an assent to the judgment and deals directly with the merits of the case. While Johnson's stipulation may not have seemed "defensive," it dealt directly with the merits of the case and failed to give MDHS notice that Johnson was pursuing dismissal based on insufficiency of service of process or insufficient notice. Therefore, Johnson waived his claim on insufficient service of process and lack of due process. I would reverse and remand for proceedings consistent herewith.

**WILSON, P.J., LAWRENCE AND EMFINGER, JJ., JOIN THIS OPINION.**